**TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN**

---

**NO. 03-18-00358-CV**

---

**Lynn Sheen, Appellant**

**v.**

**Nicholas Sheen, Appellee**

---

**FROM THE 419TH DISTRICT COURT OF TRAVIS COUNTY
NO. D-1-FM-16-002867
THE HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Lynn Sheen appeals from a divorce decree dissolving her marriage to Nicholas Sheen and distributing their community property.[1] Lynn argues in six issues that the district court abused its discretion by denying her motion for a continuance, excluding the testimony of her expert, denying her claim for spousal maintenance, dividing the parties' community property without supporting evidence, and awarding Nicholas contingent appellate attorney's fees. We will affirm the divorce decree.

### BACKGROUND

Lynn and Nicholas married in 1998 in New Zealand but lived in the United States during the marriage. Lynn stopped working in 2010 due to health problems. The parties sued each other for divorce in 2016, and Nicholas informed Lynn he intended to return to

---

[1] We refer to the parties by their first names for the sake of clarity.

New Zealand and cease supporting her. At Lynn's request, the district court signed temporary orders directing Nicholas to pay temporary spousal support and Lynn's medical bills and to continue making mortgage payments on the marital residence.

The district court convened a bench trial in December 2017. Lynn's counsel made an oral motion for a continuance to allow for more time to prepare. The district court denied the motion and proceeded to the merits. The parties each sought a disproportionate share of the community estate based on mutual claims of waste of community assets and of physical abuse. Lynn further alleged that Nicholas had failed to make all the payments required by the temporary orders. The district court heard testimony from the parties and from a certified appraiser who testified for Nicholas that the martial residence was worth $575,000. Lynn disagreed and in her own testimony estimated its value at $430,000. The district court admitted property inventories, bank records, police reports, and medical records offered by both parties.

In addition to dividing the community estate in her favor, Lynn asked the district court to order Nicholas to pay spousal maintenance. *See* Tex. Fam. Code § 8.051 (authorizing courts to order maintenance payments in certain circumstances). Lynn argued she was eligible for maintenance because she is disabled and unable to work. *See id.* § 8.051(2)(A) (authorizing courts to order maintenance if a spouse is "unable to earn sufficient income to provide for [her] minimum reasonable needs because of an incapacitating physical or mental disability"). Lynn called Dr. Iris Wingrove, a neurologist who had been treating her, to testify on the nature and extent of her disability. Nicholas objected that Lynn had failed to disclose Dr. Wingrove's opinions in discovery. *See* Tex. R. Civ. P. 194.2(f)(3) (requiring disclosure of "general substance" of testifying expert's "mental impressions and opinions" and brief summary of their basis). The district court sustained Nicholas' objection. Dr. Wingrove testified during an offer

2

of proof that she has diagnosed Lynn with paraneoplastic syndrome, an autoimmune disorder that causes epileptic seizures and fatigue, among other symptoms. In Dr. Wingrove's opinion, Lynn is completely disabled and unlikely ever to work again.

The district court signed a decree awarding the residence to Lynn and directing her to reimburse Nicholas $97,500 for his share of the residence and dividing the remaining community assets. The decree provides the parties will bear their own trial-level attorney's fees but awards each party $25,000 in contingent appellate attorney's fees. The decree does not specifically address Lynn's request for spousal maintenance but denies all relief not expressly granted. The district court denied Lynn's motion for new trial, and this appeal followed.

## DISCUSSION

Lynn argues in six issues that the district court abused its discretion by denying her motion for a continuance, excluding Dr. Wingrove's testimony, denying Lynn's spousal maintenance claim, denying her waste claim, and awarding Nicholas a disproportionate share of the community estate and conditional appellate fees.

### Standard of Review

We review each of Lynn's issues for an abuse of discretion. *See In re Marriage of Harrison*, 557 S.W.3d 99, 112, 121 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (exclusion of evidence, denial of continuance, and division of property); *Fuentes v. Zaragoza*, 555 S.W.3d 141, 171 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (spousal maintenance). A trial court ruling constitutes an abuse of discretion if it is arbitrary and unreasonable, made without regard for guiding legal principles or supporting evidence. *Ford Motor Co. v. Garcia*, 363 S.W.3d 573, 578 (Tex. 2012). The insufficiency of the evidence is not an independent

ground for reversal under this standard but is relevant to determining whether the trial court abused its discretion. *Zeifman v. Michels*, 212 S.W.3d 582, 587 (Tex. App.—Austin 2006, pet. denied). This analysis entails a two-part inquiry where we determine first "whether the trial court had sufficient information upon which to exercise its discretion" and, if so, "whether the trial court erred in its application of that discretion." *Cline v. Cline*, 557 S.W.3d 810, 813 (Tex. App.—Houston [1st Dist.] 2018, no pet.). We apply traditional sufficiency standards of review to answer the first question. *Id.*

**Continuance**

Lynn argues in her sixth issue that the district court abused its discretion by denying her motion for a continuance but cites no legal authorities to support her argument.[2] A brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(i). Failure to cite to any legal authority or to provide substantive analysis in support of an issue results in waiver. *RSL Funding, LLC v. Newsome*, 569 S.W.3d 116, 126 (Tex. 2018). We conclude Lynn has waived this issue by failing to cite any legal authorities. *See Eagle Oil & Gas Co. v. Shale Expl., LLC*, 549 S.W.3d 256, 286 (Tex. App.—Houston [1st Dist.] 2018, pet. dism'd) ("Failure to cite any authority in support of a contention waives the contention.").

Even if Lynn had properly briefed this issue, she would be unable to show an abuse of discretion. Trial courts may not grant continuances "except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law." Tex. R. Civ. P. 251. When a motion does not comply with these rules, reviewing courts generally presume the trial

---

[2] We address Lynn's issues in the chronological order in which they arose in the case.

4

court did not abuse its discretion in denying the motion. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *In re S.M.H.*, 523 S.W.3d 783, 797 (Tex. App.—Houston [14th Dist.] 2017, no pet.). Lynn made an oral motion for continuance, unsupported by affidavit, and the record reflects no agreement to continue the case or argument that a continuance should be granted by operation of law. Absent one of these grounds, we presume the district court did not abuse its discretion. *See In re S.M.H.*, 523 S.W.3d at 797 (finding no abuse of discretion in denial of oral motion for continuance unsupported by affidavit). We overrule Lynn's sixth issue.

**Dr. Wingrove's Testimony**

Lynn next challenges the exclusion of Dr. Wingrove's testimony because of Lynn's failure to disclose Dr. Wingrove's opinions in discovery. A party must disclose on request "the general substance" of a testifying expert's "mental impression and opinions and a brief summary of the basis for them." Tex. R. Civ. P. 194.2(f)(3). Failure to fully disclose an expert's opinions triggers exclusion of their testimony unless the proponent can show lack of unfair surprise or unfair prejudice. *See id.* R. 193.6(a); *In re First Transit Inc.*, 499 S.W.3d 584, 595 & n.2 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding [mand. denied]). Lynn argues that Dr. Wingrove's opinions would not have unfairly surprised Nicholas because Dr. Wingrove gave essentially the same testimony at the temporary orders hearing. But while the temporary orders reflect that Nicholas was present at that hearing, the record does not contain a transcript of the hearing or other evidence of the testimony there. Lynn, as the appellant, bore the ultimate burden to present a record demonstrating reversible error. *See Garcia v. Sasson*, 516 S.W.3d 585, 590 (Tex. App.—Houston [1st Dist.] 2017, no pet.) (citing *Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam)). Without such evidence, we are

5

unable to determine whether Dr. Wingrove's testimony would unfairly surprise Nicholas. We conclude Lynn failed to carry her burden to establish lack of unfair surprise, and we overrule her fourth issue.

**Sufficiency Challenges**

Lynn next challenges the sufficiency of the district court's findings supporting its denial of her request for spousal maintenance, its division of the parties' community property, and its award of contingent appellate fees to Nicholas. When no findings of fact and conclusions of law were requested or filed, as here, we infer all necessary findings to support the judgment. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). These findings are subject to challenge for legal and factual sufficiency in the same manner as a trial court's express findings. *Id.*

Evidence is legally insufficient to support a finding if the record bears no evidence of a vital fact, the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, the evidence for a vital fact is no more than a mere scintilla, or the evidence conclusively establishes the opposite of a vital fact. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018). In a legal sufficiency review, we credit evidence favorable to the finding if a reasonable factfinder could and disregard all contrary evidence unless a reasonable factfinder could not. *Shields Ltd. P'ship*, 526 S.W.3d at 480. When a party attacks the legal sufficiency of an adverse finding on which she bore the burden of proof at trial, she must demonstrate both that no evidence supports the finding and that the evidence conclusively proves the contrary. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001) (per curiam).

6

In a factual sufficiency review, we consider and weigh all the evidence in the record, not just the evidence supporting the judgment. *Ortiz v. Jones*, 917 S.W.2d 770, 772 (Tex. 1996). A party attacking the factual insufficiency of an adverse finding on which she bore the burden of proof at trial must demonstrate that the finding is "so against the great weight and preponderance of the evidence as to be clearly wrong and unjust." *Dow Chem. Co.*, 46 S.W.3d at 242. In both legal and factual sufficiency reviews the factfinder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Sanders Oil & Gas, Ltd. v. Big Lake Kay Constr., Inc.*, 554 S.W.3d 79, 93 (Tex. App.—El Paso 2018, no pet.). If the evidence is conflicting, we must presume the factfinder resolved the conflict in favor of its finding if a reasonable person could. *Id.*

*Spousal Maintenance*

Trial courts have authority to award maintenance only if the spouse seeking it meets certain criteria. *Roberts v. Roberts*, 531 S.W.3d 224, 228 (Tex. App.—San Antonio 2017, pet. denied). Relevant here, the spouse must show she will be unable to earn sufficient income to meet her "minimum reasonable needs" after dissolution of the marriage "because of an incapacitating physical or mental disability." Tex. Fam. Code § 8.051(2)(A). A spouse's "physical disability or incapacity need not be proven by medical evidence." *Roberts*, 531 S.W.3d at 228. Lynn argues there is legally and factually insufficient evidence to support an implied finding that she is capable of working.

Lynn testified that she stopped working in "2009-2010" because of persistent problems with fatigue, concentration, and memory. She later attempted to work from home with the assistance of two persons hired by her employer but was unable to "sustain the [work]load."

7

Lynn maintains that she is now unable "to do a substantial amount of work" each day and anticipates her symptoms will worsen as she ages. However, the medical records do not entirely support her testimony. For example, a neuropsychological examination performed by Dr. James Harrison in 2015 rated Lynn as having "high average" memory and short-term concentration and "mild" impairment in long-term concentration. When asked about the evaluation on cross-examination, Lynn responded that the "complete results" were not in the record and that she was actually completely disabled. Later, in May 2017, Lynn asserted in a response to Nicholas' request for a scheduling order that she suffers "from mental and physical disabilities which make actively participating in her divorce case difficult and often impossible." To accommodate her disabilities, she requested that the district court restrict any depositions or hearings to no more than three hours per day. She supported this request with a letter from another physician, Dr. Nathan Pecker, who certified she "does not have the capacity to complete her basic activities of daily living" due to her health issues and requires assistance. However, Lynn also testified that she went camping in Oregon alone for three weeks the same month as Dr. Pecker's letter. The district court could reasonably resolve the conflicting evidence by concluding Lynn's testimony that she is completely disabled is not credible, and we defer to that determination. *See Sanders Oil & Gas*, 554 S.W.3d at 93. Reviewing the record under the applicable standards, we conclude Lynn has not demonstrated that the evidence supporting the finding is legally or factually insufficient. *See Dow Chem. Co.*, 46 S.W.3d at 241–42. We overrule Lynn's second issue.

*Property Division*

Lynn next challenges the sufficiency of the evidence supporting the district court's division of community property. A trial court must divide community property upon divorce "in a manner that the court deems just and right, having due regard for the rights of each party." Tex. Fam. Code § 7.001. The property division need not be equal, and the trial court has wide discretion to consider a variety of factors to arrive at a just and right division. *See Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981). Relevant factors include the relative income and job prospects of the parties, the size of their separate property estates, *id.* at 699–70, and wasting of community assets by a spouse, *Schlueter v. Schlueter*, 975 S.W.2d 584, 589 (Tex. 1998). We presume the trial court applied these factors correctly, and the party asserting error bears the burden to demonstrate the trial court's errors resulted in a property division so "manifestly unjust and unfair" as to constitute an abuse of discretion. *In re Marriage of Harrison*, 557 S.W.3d at 112.

Lynn asserts the district court awarded Nicholas a disproportionate share of community property without supporting evidence, overvalued the marital residence, ignored significant evidence that Nicholas has a much greater earning potential, wasted community property, committed domestic violence, and disregarded his obligations to support her under the temporary orders. Nicholas responds that Lynn actually received a disproportionate share and, in the alternative, that awarding him a disproportionate share was not an abuse of discretion. To resolve the parties' disagreements over the division of the community estate we must have the trial court's findings of fact regarding the value of those assets. *See Wells v. Wells*, 251 S.W.3d 834, 841 (Tex. App.—Eastland 2008, no pet.) ("It is difficult—if not impossible—to determine whether the trial court abused its discretion by dividing the marital estate when we do

9

not know what percentage of the marital assets either party received."). Lynn did not request findings, and none were filed. She asks us to rely on the property inventories in the record, but "[p]roperty inventories filed by the parties cannot serve as a substitute for findings of fact by the trial court." *Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2017, no pet.). She also points to the district court's oral ruling that it intended to award a disproportionate share to Lynn rather than Nicholas, but "oral comments from the bench are not written findings of fact." *In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002); *see In re W.E.R.*, 669 S.W.2d 716 (Tex. 1984) ("The court of appeals was not entitled to look to any comments that the judge may have made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law."). In the absence of findings, we presume the district court made all necessary findings to support its division of property. *See Shields Ltd. P'ship*, 526 S.W.3d at 480. And because we do not know what value the district court assigned to the house, the net value of community assets, the percentage either party received, or the other factors the district court considered, we cannot determine whether its property division was an abuse of discretion. *See Brown*, 526 S.W.3d at 508 (concluding "it is impossible" for appellate court to review division of community property without specific findings); *Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.) (holding court could not review property division without specific findings because "[t]he trial court could have considered any number or combination of factors to arrive at the arrangement it did"). We conclude Lynn failed to carry her burden to demonstrate the division of property was manifestly unjust, and we overrule her first and third issues.

*Attorney's Fees*

Lynn challenges the district court's award of appellate attorney's fees in her final issue. The district court had discretion to award attorney's fees as part of its division of the parties' community estate. *See Mandell v. Mandell*, 310 S.W.3d 531, 541 (Tex. App.—Fort Worth 2010, pet. denied) ("[I]n a divorce suit, the trial court has the equitable power to award either spouse attorney's fees as a part of the just and right division of the marital estate."). Lynn argues the district court abused its discretion because the award of appellate attorney's fees is unsupported by the pleadings and because there is insufficient evidence of the reasonableness of the fee.

Nicholas concedes he did not plead a request for attorney's fees but contends the parties tried the issue by consent. Issues not raised in the pleadings can be tried by the express or implied consent of the parties. *See* Tex. R. Civ. P. 67; *Bos v. Smith*, 556 S.W.3d 293, 306 (Tex. 2018). Trial by consent occurs "[w]hen both parties present evidence on an issue and the issue is developed during trial without objection." *Ingram v. Deere*, 288 S.W.3d 886, 893 (Tex. 2009). Here, the district court announced that it would allow attorneys for both sides to testify regarding their attorney's fees. Nicholas' attorney then testified regarding his trial and appellate fees without objection. We conclude the parties tried the attorney's fees issue by consent. *See id.*

We now turn to whether $25,000 is a reasonable fee for defending an appeal in this case.[3] The reasonableness of a fee award is a question of fact, and we may not substitute our judgment for the district court's. *Russell v. Russell*, 478 S.W.3d 36, 48 (Tex. App.—Houston

---

[3] Lynn also argues the amount of the fee award is inconsistent with the amount the district court announced from the bench at the conclusion of trial. We must reject this argument because "oral comments from the bench are not written findings of fact." *In re Doe 10*, 78 S.W.3d 338, 340 n.2 (Tex. 2002).

11

[14th Dist.] 2015, no pet.). Factors for courts to consider when determining reasonableness of a fee include the time and labor required to perform the legal service, the novelty and difficulty of the questions involved, the customary fee for the service in the same locality, and the experience, reputation, and ability of the lawyer performing the services. *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997). "To be proper, there must be evidence of the fees' reasonableness pertaining to appellate work." *Messier v. Messier*, 458 S.W.3d 155, 169 (Tex. App.—Houston [14th Dist.] 2015, no pet.). The factfinder need not hear evidence on every factor but may consider the entire record, the common knowledge of the participants as lawyers and judges, and the relative success of the parties. *See id.* at 166–67.

Nicholas offered his attorney's testimony to support a fee award.[4] Counsel testified that he has practiced law since 1999, is board certified in family law, practices "extensively" in Travis County, and charges $350 an hour. Counsel did not explicitly estimate a reasonable number of hours to be spent defending an appeal, but at an hourly rate of $350 his request for $25,000 works out to a claim of 71.4 hours. *Cf. Monroy v. Monroy*, No. 03-10-00275-CV, 2011 WL 3890401, at *8 (Tex. App.—Austin Aug. 31, 2011, pet. denied) (mem. op.) ("Perla's attorney testified that she charges $375 per hour and requests $7,500 in fees (without regard to court costs or other fees), which simple division shows to be a claim for 20 hours of work."). To place that number in context, counsel testified that Nicholas has already paid him $40,927 in legal fees for his work on the trial. Lynn's counsel did not cross-examine Nicholas' counsel or put on any opposing evidence contradicting his testimony. Testimony from an interested witness that "is not contradicted by any other witness, or attendant circumstances,"

---

[4] An attorney's testimony must normally be under oath to be considered evidence, but Lynn's attorney waived the oath requirement. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997) (observing that "the opponent of the testimony can waive the oath requirement").

12

and that is "clear, direct and positive, and free from contradiction, inaccuracies, and circumstances tending to cast suspicion thereon" is taken as true as a matter of law. *Smith v. Patrick W.Y. Tam Tr.*, 296 S.W.3d 545, 547 (Tex. 2009) (quoting *Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990)). A fee supported by uncontradicted testimony can nevertheless be unreasonable given the particular circumstances of the case, *see id.* at 548, but we also presume the district court evaluated counsel's testimony against the court's knowledge of the customary fees for these legal services and the entire record, and the parties' relative success, *see Messier*, 458 S.W.3d at 166–67. Reviewing this record under the applicable standards, we conclude legally and factually sufficient evidence supports the fee award. We overrule Lynn's fifth issue.

## CONCLUSION

We affirm the divorce decree.

_____

Edward Smith, Justice

Before Justices Goodwin, Baker, and Smith

Affirmed

Filed: June 21, 2019

13