**Ada Ukah BROWN, Appellant**

v.

**Bright O. WOKOCHA, Appellee**

NO. 01–15–00759–CV

Court of Appeals of Texas,
Houston (1st Dist.).

Opinion issued April 11, 2017

Rehearing Overruled June 13, 2017

James O. Okorafor, Houston, TX, for Appellant.

Ijeoma I. Opara, The Opara Law Firm, PLLC, Houston, TX, for Appellee.

Panel consists of Justices Keyes, Bland, and Huddle.

## OPINION

Rebeca Huddle, Justice

This appeal concerns the division of property between divorcing spouses. In three issues, Ada Ukah Brown argues that the trial court erred by (1) awarding Bright O. Wokocha a disproportionate share of the marital estate, (2) mischaracterizing some of Brown's separate property as community property, and (3) failing to award attorney's fees to James O. Okorafor, who represented third-party defendants in the trial court, including Brown's three daughters from a previous marriage and various business entities. We affirm.

### Background

Brown and Wokocha married in April 2004. They separated in September 2011, and Brown filed for divorce in August 2013. Wokocha countersued in October 2013, alleging breach of fiduciary duty and fraud claims against Brown and several business entities. He subsequently amended his petition to include claims for fraudulent transfer, intentional infliction of emotional distress, and civil conspiracy, and he added Brown's three adult daughters and additional business entities as co-respondents. Some of the business entities were

owned or operated by Brown and Wokocha. Wokocha alleged that other of the business entities were created at Brown's behest in the name of Brown's daughters with community funds in an effort to defraud the community estate.

Before trial, the daughters moved for summary judgment and the trial court granted their motion. The parties subsequently tried the case to the bench.[1] The trial court entered a final decree of divorce which divided the marital estate between Brown and Wokocha. Brown appealed.

### Property Division

In her second issue, Brown contends that the trial court abused its discretion by awarding Wokocha a disproportionate share of the marital estate.

### A. Standard of Review and Applicable Law

We review a trial court's division of marital property for an abuse of discretion. *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.–Houston [14th Dist.] 2013, pet. denied). The trial court has broad discretion when dividing the marital estate at divorce. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). If the evidence demonstrates a reasonable basis for doing so, a trial court may order a disproportionate division of the community property. *Id.* at 698–99 & n.1. "To disturb a trial court's division of property, a party must show that the court clearly abused its discretion by a division or an order that is manifestly unjust or unfair." *Barras*, 396 S.W.3d at 164. A trial court abuses its discretion if it acts unreasonably or arbitrarily, or without reference to any guiding rules or principles. *Id.*; *Evans v. Evans*, 14 S.W.3d 343, 346 (Tex. App.–Houston [14th Dist.] 2000, no pet.) (citing *Worford v. Stamper*, 801

S.W.2d 108, 109 (Tex. 1990)). A trial court does not abuse its discretion if there is some evidence of a substantive and probative nature to support the decision. *Barras*, 396 S.W.3d at 164.

In order to determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.–Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.) (citing *Wells v. Wells*, 251 S.W.3d 834, 840–41 (Tex. App.–Eastland 2008, no pet.)). Without findings of fact, the appellate court does not know the basis for the division, the values assigned to the community assets, or the percentage of the marital estate that each party received. *Id.* (citing *Hallum v. Hallum*, No. 01-09-00095-CV, 2010 WL 4910232, at *6 (Tex. App.–Houston [1st Dist.] Dec. 2, 2010, no pet.) (mem. op.)); *Funderburgh v. Funderburgh*, No. 12-08-00428-CV, 2010 WL 2982906, at *2 (Tex. App.–Tyler July 30, 2010, no pet.) (mem. op.); *Wells*, 251 S.W.3d at 840–41. Property inventories filed by the parties cannot serve as a substitute for findings of fact by the trial court. *Id.* (citing *Funderburgh*, 2010 WL 2982906, at *2). In the absence of trial court findings, we presume the trial court made all the necessary findings to support its judgment. *Id.* (citing *Wells*, 251 S.W.3d at 838); *Hallum*, 2010 WL 4910232, at *6. Thus, if a party does not request findings of fact from the trial court, a party cannot establish whether the trial court intended the division to be equal or disproportionate, and if disproportionate, what factors the trial court found to warrant an unequal distribution if one was intended. *Wade v.*

---

1. The trial record is limited on appeal because Brown requested only a partial record pursuant to Texas Rule of Appellate Procedure 34.6.

*Wade,* No. 01-13-00912-CV, 2014 WL 3398393, at *4 (Tex. App.–Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.) (citing *Tate v. Tate,* 55 S.W.3d 1, 10 (Tex. App.–El Paso, 2000, no pet.)).

**B. Analysis**

■■ Brown argues that the trial court abused its discretion by awarding Wokocha a disproportionate share of the marital estate. Wokocha responds that the award was not disproportionate, and that, even if it were, the record supports a disproportionate award because there is evidence that Brown intentionally withheld information about some assets.

The final divorce decree does not reflect whether the awards to the spouses were equal or disproportionate. The decree merely states that the division of the marital estate is "just and right" and reflects that Wokocha's reimbursement claims "for the community's payment of property taxes, mortgage, and insurance for [Brown's] separate property real estate" were granted. The trial court did not make any findings regarding the value of any claim or asset, and the record does not reflect any request by Brown that the trial court file findings of fact and conclusions of law. Therefore, the record does not contain findings reflecting the values that the trial court assigned to each community asset or liability, or to Wokocha's reimbursement claims, or the percentage of the marital estate that each party received. *See Vasudevan,* 2015 WL 4774569, at *4; *Hallum,* 2010 WL 4910232, at *6.

■■ Without findings of fact, " 'it is impossible for [us] to determine that the trial court abused its discretion in its division of the community property.' " *Vasudevan,* 2015 WL 4774569, at *4 (quoting *Hallum,* 2010 WL 4910232, at *6). Because we do not know what value the trial court assigned to the community property assets

or to Wokocha's reimbursement claims, or the percentage of the marital estate awarded to each party, we cannot conclude that the trial court abused its discretion in dividing the marital estate. *See Vasudevan,* 2015 WL 4774569, at *4 (rejecting appellate complaint about disproportionate division of marital estate because appellant did not request findings of fact showing value trial court assigned to community assets or percentage of marital estate awarded to each party); *Hallum,* 2010 WL 4910232, at *6 (same); *Funderburgh,* 2010 WL 2982906, at *2 (same); *Wells,* 251 S.W.3d at 840–41 (same); *see also Wade,* 2014 WL 3398393, at *4 (if party does not request findings of fact from trial court, party cannot establish whether trial court intended marital estate division to be equal or disproportionate or basis for division).

We overrule Brown's second issue.

**Classification of Property**

In her first issue, Brown contends that the trial court erred by classifying three life insurance policies and three business entities as community property instead of her separate property.

**A. Standard of Review and Applicable Law**

A spouse's separate property is defined by statute as property "owned or claimed by the spouse before marriage" or "acquired by the spouse during marriage by gift, devise, or descent," as well as any "recovery for personal injuries" sustained during the marriage, with limitations. Tex. Fam. Code § 3.001. Community property is all property that was acquired by either spouse during the marriage that is not separate property. Tex. Fam. Code § 3.002. There is a statutory presumption that all property possessed by either spouse during or at dissolution of the marriage is community property. Tex. Fam. Code

§ 3.003(a). To overcome the presumption that property is community property, the spouse seeking to have the property categorized as separate property must establish that fact through "clear and convincing evidence." TEX. FAM. CODE § 3.003(b).

 Mischaracterizing separate property as community property is an error that may require reversal. *See Wade*, 2014 WL 3398393, at *6 (first citing *Pearson v. Fillingim*, 332 S.W.3d 361, 363–64 (Tex. 2011) ("Certainly, a court cannot divest an owner of separate property."); then citing *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 139–41 (Tex. 1977)). However, reversal is not always required. *Id.* A trial court does not err in characterizing separate property as community property if the party who had the burden to establish the separate nature fails to present adequate evidence to meet that burden. *Id.* (citing *Pearson*, 332 S.W.3d at 364). And even if the spouse who is arguing that property is separate property does satisfy her burden, a mischaracterization of separate property as community property will not require reversal if the mischaracterization had only a de minimus effect on the overall division of the estate. *Id.* (citing *Robles v. Robles*, 965 S.W.2d 605, 621–22 (Tex. App.–Houston [1st Dist.] 1998, pet. denied)).

 It is only when the court mistakenly characterizes property that is of such magnitude that it materially affects the just and right division of the community estate that reversible error is demonstrated. *See id.*; *Robles*, 965 S.W.2d at 621–22; *Stavinoha v. Stavinoha*, 126 S.W.3d 604, 608 (Tex. App.–Houston [14th Dist.] 2004, no pet.) (holding that reversal is unwarranted unless uneven division is "manifestly unjust and unfair"); *Tate v. Tate*, 55 S.W.3d 1, 11–12 (Tex. App.–El Paso 2000, no pet.) ("It is only when the court mistakenly characterizes property that is of such magnitude that it materially affects the just and right division of the community estate that reversible error is demonstrated."); *see also Humphrey v. Humphrey*, 593 S.W.2d 824, 828 (Tex. App.–Houston [14th Dist.] 1980, writ dism'd) (concluding that, when property division was equitable, mistake by trial court characterizing community property as separate property "was harmless and does not require reversal").

## B. Analysis

 Brown contends that the trial court erred by classifying the following assets as community property:

- Life insurance policies Brown opened in the name of her three then-minor daughters before the marriage, for which Brown was the beneficiary; and

- Three business entities created during the marriage in the name of Brown's then-adult daughters.

Brown argues that these policies and business entities were her separate property and should not have been included in the division of the marital estate. Wokocha responds that Brown cannot show that the classification of the life insurance policies constituted reversible error because the policies were paid and maintained with community funds during the parties' marriage. Wokocha likewise argues that Brown cannot show that the classification of the three business entities constituted reversible error because they were created during the marriage at Brown's direction with community funds.

Even assuming the trial court erred in classifying these six assets as community property, Brown has not demonstrated that the error materially affected the division of the marital estate because she failed to request findings of fact from the

trial court. *See. Wade*, 2014 WL 3398393, at *4. Without findings, we do not know what value the trial court assigned to any of these assets, and even if we could ascertain the value of these particular assets, without findings regarding the value of all of the property included in the marital estate, we cannot ascertain what percentage of the marital estate these assets represent. *See Vasudevan*, 2015 WL 4774569, at *4; *see also Wade*, 2014 WL 3398393, at *4. In the absence of such findings, we presume the trial court's findings regarding the magnitude of these assets support its judgment; i.e., that the values of these assets were de minimus and did not materially affect the division of the estate.[2] *See Vasudevan*, 2015 WL 4774569, at *4; *see also Wade*, 2014 WL 3398393, at *4. Accordingly, we hold that the trial court did not reversibly err by classifying these six assets as community property. *See Wade*, 2014 WL 3398393, at *4 (erroneous classification of assets as community property is only reversible if property is of such magnitude that it is more than de minimus and materially affects division of marital estate); *Stavinoha*, 126 S.W.3d at 608 (same); *Tate*, 55 S.W.3d at 11–12 (same); *Humphrey*, 593 S.W.2d at 828 (same).

We overrule Brown's first issue.

### Attorney's Fees

In her third issue, Brown argues that the trial court erred by failing to award attorney's fees to attorney James O. Oko-

**2.** Brown's appellate arguments suggest that the amount attributable to these assets is de minimus. If, as Brown contends, the life insurance policies should not have been characterized as community property, then the community would be entitled to some of the value attributable to the policies by virtue of a community reimbursement claim for the amounts paid to maintain the policies during the marriage. *See Vickery v. Vickery*, 999

rafor, who represented her daughters and the business entities in the trial court.

### A. Standard of Review and Applicable Law

 Attorney's fee awards in divorce cases are reviewed for an abuse of discretion. *Murff*, 615 S.W.2d at 699 (citing *Carle v. Carle*, 149 Tex. 469, 234 S.W.2d 1002, 1005 (1950)). A trial court may apportion attorney's fee in a divorce action as part of a "just and right" division of the community property. *See Ayala v. Ayala*, 387 S.W.3d 721, 733 (Tex. App.–Houston [1st Dist.] 2011, no pet.) (citing *Vazquez v. Vazquez*, 292 S.W.3d 80, 86 (Tex. App.–Houston [14th Dist.] 2007, no pet.)). The reasonableness of the fee awarded is a question of fact that must be supported by the evidence. *Id.* (citing *Vazquez*, 292 S.W.3d at 86). A trial court abuses its discretion in awarding attorney's fees if the resulting division is "manifestly unfair." *Mann v. Mann*, 607 S.W.2d 243, 245 (Tex. 1980).

### B. Analysis

 Brown argues that the trial court erred by failing to award attorney's fees from the marital estate to Okorafor, the lawyer who represented her daughters and the business entities in the trial court. Brown argues that Wokocha improperly named her daughters and the business entities as third-party defendants and therefore Okorafor was entitled to a fee award from the marital estate. Wokocha

S.W.2d 342, 371–72 (Tex. 1999) (concluding that mischaracterization of property did not result in unjust division, given community reimbursement claim that would have existed had property been correctly characterized as separate property). The record suggests that the total value of all three policies was less than $10,000. Moreover, Brown contends that the three business entities have no value.

argues that the trial court did not err because there is no basis in a divorce proceeding for awarding attorney's fees from the marital estate to a lawyer who represented third-party defendants with no entitlement to the marital estate.

Brown's claim that Okorafor was entitled to an attorney's fee award from the marital estate is unsupported. Every case she cites in support of her argument involves the award of fees to a lawyer who represented one of the divorcing spouses. *See, e.g., Ayala*, 387 S.W.3d at 733 (in divorce proceeding, trial court may apportion attorney's fee as part of "just and right" division of community property). Brown concedes that Okorafor did not represent either of the divorcing spouses in the trial court. She provides no support, and we have found none, for her claim that third-party defendants in a divorce action are entitled to an attorney's fee award as part of the just and right division of the marital estate. We therefore hold that the trial court did not abuse its discretion by refusing to award Okorafor a share of the marital estate as attorney's fees for work done on behalf of the third-party defendants. *See Ayala*, 387 S.W.3d at 733 (citing *Vazquez*, 292 S.W.3d at 86).

We overrule Brown's third issue.

## Conclusion

We affirm the judgment of the trial court.