**Opinion issued October 14, 2021**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-20-00065-CV

———————————

**DONALD D. HUBBERT, Appellant**

**V.**

**SARAH S. HUBBERT, Appellee**

---

**On Appeal from the 146th District Court**
**Bell County, Texas[1]**
**Trial Court Case No. 279,423-B**

---

## MEMORANDUM OPINION

Appellant, Donald D. Hubbert, challenges the trial court's final decree in the

suit for divorce brought against him by appellee, Sarah S. Hubbert. In his sole issue,

---

[1]     Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas. *See* TEX. GOV'T CODE § 73.001 (authorizing transfer of cases).

Donald contends that the trial court erred in "refus[ing] to state the values it used when making the division of property."

We affirm.

**Background**

In her petition, Sarah sought a divorce from Donald, whom she married in 1988. Sarah requested that she be awarded a disproportionate share of the community estate, asserting that Donald was at fault in the breakdown of the marriage. She noted that there were no minor children involved. The parties each submitted an inventory and proposed division of the community estate, which they asserted had a total value of approximately $4,500,000 and included numerous real-estate holdings, businesses, vehicles, pieces of equipment, accounts, and other assets. At various times between February 2018 and March 2019, the trial court held hearings on Sarah's petition, during which it heard testimony and admitted evidence.

On May 28, 2019, Sarah submitted an "Amended Petitioner's Argument" ("Amended Argument") in support of her proposed division of the community estate. She presented a spreadsheet of "Property to be Awarded Petitioner," in which she proposed that certain assets be awarded to her. She presented an itemized valuation of each asset and presented Donald's valuation of each asset alongside hers. She noted that the value of her requested assets totaled $2,084,714 and that Donald's valuation totaled $2,585,450. Sarah also presented a spreadsheet of

2

"Property to be Awarded Respondent," in which she proposed that certain assets be awarded to Donald. Again, she presented an itemized valuation of each asset and presented Donald's valuation of each alongside hers. She noted that her valuation of such assets totaled $2,662,329 and that Donald's valuation totaled $2,612,102. She also proposed a division of the community debt.

Donald submitted a written "Closing Argument" in support of his proposed division, asserting that Sarah was at fault in the breakdown of the marriage. In his "Final Proposed Property Division," Donald listed each of his requested assets, assigned a value to each, and stated a total value of $2,246,586. He also proposed that certain assets be awarded to Sarah, assigned a value to each, and stated a total value of $2,347,536. And, he proposed a division of the community debt.

On July 26, 2019, the trial court issued a "Memorandum of Ruling," in which it granted the requested divorce on the ground that the parties' marriage had become insupportable and ruled that the "community property and debts are awarded pursuant to the proposal included in [Sarah's] Amended Argument."

At a November 16, 2019 hearing on the final decree, Donald complained that the trial court had adopted Sarah's "Amended Argument," which presented each party's valuation of the assets, without specifying which set of values it had adopted. The trial court responded that such specification was not required, stating: "The values are not adopted by the Court. The division of property was what was intended

to be the Court's ruling."  And, its division constituted a "reasonably equal division of the property."

Subsequently, the trial court entered a final decree, listing the property awarded to each party and the division of debt.  There are no values stated for any of the assets or liabilities.  However, neither party requested findings of fact and conclusions of law.

Donald filed a motion for new trial, arguing that the trial court erred in not specifying "which set of values it relied on in dividing the parties' community property."  At a hearing on the motion, Sarah argued that the trial court was not required to specify which party's valuations it had adopted.  Rather, it was required to divide the property in a manner that it deemed just and fair.  She noted that Donald had failed to request findings of fact and conclusions of law.  The motion for new trial was overruled by operation of law.

**Property Division**

In his sole issue, Donald argues that the trial court erred in refusing to the state the values that it assigned to the marital assets in making the division of property.  Consequently, he is "unable to determine whether the division of property is inequitable or whether the values used are manifestly unjust."  Sarah argues that Donald has waived this issue by failing to request findings of fact and conclusions of law in the trial court.

**A.**     *Standard of Review and Overarching Legal Principles*

In a divorce decree, a trial court "shall order a division of the estate of the parties in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE § 7.001; *see Bradshaw v. Bradshaw*, 555 S.W.3d 539, 543 (Tex. 2018). The division need not be equal, but there must be a reasonable basis for the division. *Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex. 1981); *Lynch v. Lynch*, 540 S.W.3d 107, 128 (Tex. App.—Houston [1st Dist.] 2017, pet. denied) (requiring equitable, not equal, division). Mathematical precision is usually not possible. *Murff*, 615 S.W.2d at 700.

We review a trial court's division of marital property for an abuse of discretion. *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). The trial court "must be accorded much discretion in its decision." *Bradshaw*, 555 S.W.3d at 543. "To disturb a trial court's division of property, a party must show that the court clearly abused its discretion by a division or an order that is manifestly unjust or unfair." *Barras*, 396 S.W.3d at 164. A trial court abuses its discretion when it acts arbitrarily or unreasonably. *Id.* We consider only whether the trial court abused its discretion in dividing the estate; we do not have the authority to render judgment dividing the marital property. *Yuryeva v. McManus*, No. 01-12-00988-CV, 2013 WL 6198322, at *8 (Tex. App.—Houston [1st Dist.] Nov. 26, 2013, pet. denied) (mem. op.).

5

In order to determine whether a trial court abused its discretion in dividing the assets of a community estate, we must have the trial court's findings on the values of those assets. *Brown v. Wokocha*, 526 S.W.3d 504, 507–08 (Tex. App.—Houston [1st Dist.] 2017, no pet.). The Texas Family Code provides: "In a suit for dissolution of a marriage in which the court has rendered a judgment dividing the estate of the parties, *on request by a party*, the court shall state in writing its findings of fact and conclusions of law, including the characterization and *value of all assets, liabilities, claims, and offsets* on which disputed evidence has been presented." TEX. FAM. CODE § 6.711(a) (emphasis added). "A request for findings of fact and conclusions of law under this section must conform to the Texas Rules of Civil Procedure." *Id.* § 6.711(b).

Rule of Civil Procedure 296 states that a party's request for findings of fact and conclusions of law must be filed within 20 days after the judgment is signed and must be specifically entitled, "Request for Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 296. The request should be a separate instrument and not coupled with a motion for new trial. *Howe v. Howe*, 551 S.W.3d 236, 243 (Tex. App.—El Paso 2018, no pet.). A party who fails to timely request findings and conclusions is deemed to have waived the right to complain on appeal of the trial court's failure to make them. *Id.*

6

**B.** *Analysis*

Here, Donald argues that he is "unable to determine whether the division of property is inequitable or whether the values used are manifestly unjust" because the trial court refused to the state the values that it assigned to the marital assets in making its division of property.

Again, a trial court has a duty to file findings of fact and conclusions of law, including as to the "value of all assets, liabilities, claims, and offsets," only "on request by a party." TEX. FAM. CODE § 6.711(a). And, such request "must conform" to the Rules of Civil Procedure. *Id.* § 6.711(b). Rule 296 states that a party's request for findings of fact and conclusions of law must be filed within 20 days after the judgment is signed and must be specifically entitled, "Request for Findings of Fact and Conclusions of Law." TEX. R. CIV. P. 296.

It is undisputed that Donald did not request findings of fact and conclusions of law in accordance with Rule 296. *See id.* He states in his brief that he "intentionally did not request findings of fact and conclusions of law from the Trial Court out of fear that the Trial Court would delegate that duty to [Sarah's] counsel." Because Donald did not timely request findings and conclusions, he has waived the right to complain on appeal about any failure by the trial court to make findings on the value of the assets. *See Howe*, 551 S.W.3d at 243.

Further, in the absence of written findings, we must presume that the trial court made all the necessary findings to support its judgment and that all factual disputes were resolved in favor of the trial court's ruling. *See Brown*, 526 S.W.3d at 507. Without knowing the basis of the trial court's property division or the percentage of the marital estate that each party received, it is "impossible" to determine whether the trial court abused its discretion in dividing the community property—whether it intended the division to be equal or disproportionate, and, if disproportionate, which factors it found to warrant an unequal distribution. *See id.* at 507–08. Property inventories filed by the parties cannot serve as a substitute for findings of fact by the trial court. *Id.* at 507.

We hold that Donald waived his complaint that the trial court failed to make findings on the value of the assets. *See id.* at 508; *see also Vasudevan v. Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.) (holding that it was unable to determine whether trial court abused its discretion in dividing marital estate because appellant did not request findings of fact as to values assigned to community assets or percentage of estate each party received); *Wade v. Wade*, No. 01-13-00912-CV, 2014 WL 3398393, at *4 (Tex. App.—Houston [1st Dist.] July 10, 2014, no pet.) (mem. op.) (holding that party who does not request findings of fact cannot establish whether trial court intended division of marital estate to be equal or disproportionate and

8

basis for division).  Thus, Donald has not demonstrated that the trial court erred in rendering the division of property in its final decree.

Accordingly, we overrule Donald's sole issue.

## Conclusion

We affirm the trial court's decree.


                                         Sherry Radack
                                         Chief Justice

Panel consists of Chief Justice Radack and Justices Rivas-Molloy and Guerra.