

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WILLIE MARK BATTLE, | § | |
| | | No. 08-20-00121-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 388th District Court |
| RACHEL DOMINIQUE BATTLE, | § | |
| | | of El Paso County, Texas |
| Appellee. | § | |
| | | (TC# 2018DCM1569) |
| | § | |

## **O P I N I O N**

In this appeal from a final decree of divorce, Appellant Willie Mark Battle challenges the trial court's division of community property, characterization of certain property, and the calculation of child support. Finding no error, we affirm the trial court's judgment.

## I. BACKGROUND

Appellee Rachel Dominique Battle and Willie Mark Battle[1] were married in 2008. The parties separated around March 2018, at which time Rachel moved out of the home to secure her own apartment.[2] During their marriage, they had two children, P.A.B. born in 2011 and J.M.B.

---

[1] Because the parties share the same surname, we refer to each by their first names to distinguish between them.

[2] The home was not an issue at trial or on appeal.

born in 2013. On March 9, 2018, Rachel filed for divorce. Willie answered with a general denial and original counterpetition for divorce.

On December 13, 2018, the trial court issued temporary orders appointing the parties as temporary joint managing conservators but appointed neither as the conservator with the primary right to designate the children's primary residence. Additionally, the trial court ordered a possession schedule of "week-on, week-off[.]" No child support was ordered, but Willie was ordered to pay for health and dental insurance for the children, was ordered to pay 100 percent of J.M.B.'s tuition, and the parties were ordered to pay 50 percent of any uninsured health care costs for the children. The parties were ordered to keep the property in their possession and pay the debts in their names, but Willie was ordered to pay the insurance for the parties' vehicles. On May 22, 2019, following a modification of temporary orders hearing, the trial court entered an order allowing extended summer possession of the children for each parent, entered the requested injunction enjoining Willie from opening Rachel's mail, and allowed the children to travel to California.

On July 15, July 16, and August 9 of 2019, a final hearing on the divorce was held. The trial court heard testimony from Rachel and Willie, but no other witnesses. Relevant to this appeal, Rachel offered into evidence a sworn inventory and appraisement, a proposed property division, and a copy of her student loan account activity. Willie offered an unsworn[3] inventory and appraisement, multiple account statements, and multiple receipts. On December 11, 2019, the trial court issued its "Findings and Orders in Divorce," which granted the divorce on the grounds of

---

[3] Willie's inventory and appraisement was certified as true and correct but not sworn to before a notary. At trial, after Willie testified the inventory was true and correct, it was admitted into evidence.

insupportability and, on March 20, 2020, entered the Final Decree of Divorce. The trial court appointed the parties as joint managing conservators of the children, with Rachel being the conservator with the exclusive right to designate the children's primary residence; and further entered a residency restriction to El Paso County as detailed by the Final Decree of Divorce. The trial court awarded Willie possession and access of the children pursuant to the Standard Possession Order. Willie was ordered to pay child support to Rachel in the amount of $704.32 each month and to obtain medical and dental insurance for the children.

Additionally, the trial court awarded the following assets to Rachel: the 2013 Chevrolet Tahoe, 50 percent of any joint bank accounts in either parties' name, 50 percent of community interest in TRS, 50 percent of community interest in Voya, any and all bank accounts in her name, any and all personal effects in her possession, and all household goods and furnishings in her possession. The trial court awarded the following to Willie: the 2004 BMW 325i, 50 percent of any joint bank accounts in either parties' name, 50 percent of community interest in TRS, 50 percent of community interest in Voya, any and all bank accounts in his name, any and all personal effects in his possession, and all household goods and furnishings in his possession. The trial court also ordered Rachel to pay all debts incurred by her since the date of separation, the debt owed on the Victoria's Secret account, the debt owed on Amazon credit account, the debt owed on the REDcard account, the debt owed on the CareCredit account, the debt owed on the Southwest VISA account, and 50 percent of the debt owed on the Nelnet account. Willie was ordered to pay all debts incurred by him since the date of separation, the debt owed on the Bank of America card account, the debt owed on the Sam's Club account, and 50 percent of the debt owed on the Nelnet account.

The trial court did not enter, and the parties did not request, formal findings of fact and conclusions of law. On April 20, 2020, Willie filed a Motion to Modify, Correct, or Reform Final Decree of Divorce and a Motion for New Trial. The Motion to Modify, Correct, or Reform was never heard or ruled upon, and the Motion for New Trial was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c). This appeal followed.

## II. DISCUSSION

Willie asserts three issues on appeal. First, Willie argues the trial court abused its discretion "when it affected division of the Community Estate." He contends the trial court erred by mischaracterizing certain debts as attributable to Willie thereby affecting a disproportionate division of property in favor of Rachel. Second, he contends the trial court abused its discretion when it awarded his separate property to Rachel. Lastly, Willie asserts the trial court abused its discretion by calculating child support without reducing his monthly support in the amount of health insurance payments.

### A. Standard of Review and Applicable Law

In most appealable issues in family law cases, such as those relating to property division and child support orders, we review the trial court's decision under an abuse of discretion standard. *Richardson v. Richardson*, 424 S.W.3d 691, 696 (Tex. App.—El Paso 2014, no pet.). The applicable test for an abuse of discretion is whether the trial court acted without any guiding rules and principles. *Martinez Jardon v. Pfister*, 593 S.W.3d 810, 819-20 (Tex. App.—El Paso 2019, no pet.).

In dividing the martial estate, the trial court has wide discretion in its division, and we presume the trial court properly exercised its discretion. *Murff v. Murff*, 615 S.W.2d 696, 698 (Tex.

4

1981); *Richardson*, 424 S.W.3d at 696; *Burney v. Burney*, 225 S.W.3d 208, 215 (Tex. App.—El Paso 2006, no pet.). The party challenging the division bears the burden of demonstrating that the trial court's division was so unjust and unfair as to be an abuse of discretion. *Burney*, 225 S.W.3d at 215. In determining whether the trial court abused its discretion, we ask: "(1) did the trial court have sufficient information upon which to exercise discretion, and (2) did the trial court abuse its discretion by making a property division that was manifestly unjust or unfair?" *Richardson*, 424 S.W.3d at 696.

The Texas Family Code provides that the trial court must divide the estate of the parties "in a manner that the court deems just and right, having due regard for the rights of each party and any children of the marriage." TEX. FAM. CODE ANN. § 7.001. In exercising its broad discretion to divide the martial property, the trial court may consider factors including "the nature of the marital property, the relative earning capacity and business opportunities of the parties, the parties' relative financial condition and obligations, the parties' education, the size of the separate estates, the age, health, and physical conditions of the parties, fault in breaking up the marriage, the benefit the innocent spouse would have received had the marriage continued, and the probable need for future support." *Barton v. Barton*, 584 S.W.3d 147, 157 (Tex. App.—El Paso 2018, no pet.). The trial court's division must be equitable but need not be equal. *Chafino v. Chafino*, 228 S.W.3d 467, 473 (Tex. App.—El Paso 2007, no pet.).

Upon finding reversible error that materially affects the trial court's "just and right" division of the property, we are required to remand the entire community estate for a new division. *See Jacobs v. Jacobs*, 687 S.W.2d 731, 732 (Tex. 1985). When the trial court does not make findings of fact and conclusions of law, as in this case, we must presume the trial court made all

5

the findings necessary to support the judgment. *Chafino*, 228 S.W.3d at 472; *Richardson*, 424 S.W.3d at 697.

### B. Division of Community Estate

In Willie's first issue, he contends the trial court abused its discretion in its division by affecting a disproportionate division of property and debt in favor of Rachel. First, he argues that Rachel received a "double recovery" in receiving the 2013 Tahoe, while he was made responsible for certain debts. Willie testified that during the marriage, the parties took out a $50,000 loan against Willie's 401k account. The parties used the loan money to pay various debts including paying off principal owed on the loan for the 2013 Tahoe and multiple credit card debts. He contends that Rachel received benefits from the 401k loan that was used to pay off an asset awarded to her, and the trial court erred in not debiting her share of the 401k account. He argues that Rachel received "a $20,000 increase to her share of the community property while enjoying a $20,000 reduction to her debt."

Willie testified the money from the 401k was borrowed at the end of 2017 and the debts were paid well into 2018. Essentially, then, community funds were used to pay off a debt belonging to the community. We cannot find an abuse of discretion when the trial court divided the community estate as it existed at the time of divorce. Additionally, the trial court did not issue findings containing the values it assigned to each asset and liability. Without findings of fact and conclusions of law giving value to the parties' assets and liabilities, we must presume that the trial court made all necessary findings to support its judgment and that all factual disputes were resolved in favor of the trial court's ruling. *See Dickerson v. Doyle*, 170 S.W.3d 713, 721 (Tex. App.—El Paso 2005, no pet.); *Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.]

6

2017, no pet.). Without knowing the basis of the trial court's property division or the percentage of the marital estate that each party received, it is impossible for us to determine whether the trial court abused its discretion in its division of property and debt. *Dickerson*, 170 S.W.3d at 721; *Brown*, 526 S.W.3d at 507. The division need not be equal; and mathematical precision is usually not possible. *Murff*, 615 S.W.2d at 698-99. We must presume that the trial court resolved any conflicts in the testimony, and in each parties' inventory and appraisements, when it evaluated the marital estate and divided it as it did. Willie's argument of a double recovery must fail.

Willie also argues the trial court failed to address the Capital One credit card debt and the money taken out of the children's savings accounts. First, Willie argues that he testified that the balance of the Capital One credit card at the time of separation was $2,500 and before the court was a request that Rachel be responsible for $1,250 of the debt. Neither the trial court's order nor the Final Decree of Divorce mention the Capital One credit card debt by name. However, Willie also testified that the Capital One credit card was "a credit card that [he] had," it was "[his] credit card," and his inventory listed his name as the only name on the credit card. From this evidence, the trial court had sufficient evidence to conclude the credit card debt was incurred solely by him. Therefore, with the trial court ordering each party to pay the debts "incurred solely by" each party, unless expressly provided for in the decree, the trial court impliedly ordered Willie to pay the credit card debt.

Next, Willie contends the trial court "failed to address" the money in the children's savings accounts. Willie asserts the money appeared to have been withdrawn at the time Rachel filed for divorce. At trial there was conflicting testimony on what was done with the money in the savings accounts: first, Willie testified Rachel removed the entire amount from the children's savings

7

accounts for herself; Willie also testified the money from a joint savings account was withdrawn and split between him and Rachel; and later, Willie testified "we cleared out our money out of savings, and she took hers and I took mine[.]" There was also testimony from Rachel that the money was in hers and Willie's joint savings account, and not a separate account for the children. From this evidence, the trial court could have reasonably concluded the money was not at issue at the time of divorce as it was previously divided. There was no evidence presented to the trial court to support Willie's contention that Rachel withdrew the money for herself. Without more, we cannot say the trial court abused its discretion.

Willie's first issue is overruled.

## C. Characterization of Property

In Willie's second issue, he complains the trial court abused its discretion in awarding his separate property to Rachel. Specifically, Willie contends the trial court erred in awarding the "Ethan Allen bedroom set" and "Copenhagen bar stools" to Rachel. The trial court did not make findings or orders to any specific personal property, but rather awarded each party "any and all personal effects" and "all household goods and furnishings" in their respective possession. Because there was some testimony that Willie's alleged separate property was in Rachel's possession, we find the trial court impliedly awarded the property to Rachel. Willie contends the trial court erred in its award because he provided receipts establishing the separate character of the property, while no contradictory evidence was offered by Rachel. In response, Rachel contends that Willie failed to overcome the community presumption, by clear and convincing evidence, due to his inventory, testimony regarding the inventory, and other evidence regarding the parties' furniture and household belongings.

In Texas, there is a rebuttable presumption that all property possessed by either spouse during or on dissolution of marriage is community property. TEX. FAM. CODE ANN. § 3.003; *Rivera v. Hernandez*, 441 S.W.3d 413, 419 (Tex. App.—El Paso 2014, pet. denied). When a challenging party asserts the separate character of property, they must prove its separate character by clear and convincing evidence. TEX. FAM. CODE ANN. § 3.003; *Warriner v. Warriner*, 394 S.W.3d 240, 247 (Tex. App.—El Paso 2012, no pet.). Property owned or claimed by a spouse before marriage or acquired after marriage by gift, devise, or descent is characterized as that spouse's separate property. TEX. CONST. art. XVI, § 15; TEX. FAM. CODE ANN. § 3.001(1)(2). The trial court is without authority to divest a spouse of its separate property. *Burney*, 225 S.W.3d at 219. The spouse claiming separate property must trace and clearly identify the property in order to defeat the presumption. *Warriner*, 394 S.W.3d at 247.

First, Rachel asserts that through his inventory and appraisement, Willie identified "the panel bed," "dresser," "mirror[,]" and "chair" under an itemization of the "Community Estate of the Parties." There is no specific mention of "bedroom set" or "bar stools" in his inventory. Also, under the itemization of the "Separate Estates of the Parties," Willie stated, "[n]o separate assets or liabilities." However, Willie did state, under the itemization of the "Community Estate of the Parties," that certain separate property items of his were in Rachel's possession, but he did not further identify any specific property to which he referred.

Broadly construing Rachel's argument, we interpret her argument to assert that Willie made a judicial admission that he had no separate property and the asserted items were in fact community property. If anything, however, Willie's inventory is a quasi-admission and not a judicial admission. A judicial admission is a formal waiver of proof when assertions of fact are

9

made in live pleadings or when clear, deliberate, and unequivocal formal declarations are made in open court by a party's attorney. *Tex. Tax Sols., LLC v. City of El Paso*, 593 S.W.3d 903, 910 (Tex. App.—El Paso 2019, no pet.). Whereas quasi-admissions occur when a party's testimonial declarations are contrary to the party's stated position. *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980). Quasi-admissions will be taken as some evidence, will not be conclusive upon the admitter, and the weight to be given to such admissions is decided by the trier of fact. *Id*. With this principle in mind, we conclude that Willie's inventory is nothing more than a quasi-judicial admission on the non-existence of separate property. As such, the inventory constituted some evidence for the trial court to consider and weigh in its findings.

We next look at the evidence provided by Willie in support of his separate property claim. First, when asked whether he acquired any property prior to marriage, Willie testified he did in the year 2000. When describing the property so acquired, Willie testified:

> I acquired a bedroom set, that [Rachel's] in possession of, from Ethan Allen. I acquired some bar stools, that she's in possession of, that were from Copenhagen. And then there's also another bed that was bought in 2006, I believe, before Rachel and I were married.

Willie presented three exhibits of receipts into evidence, without objection, and requested the trial court return "those items" to him. Exhibit "R-D" contained two receipts from "Copenhagen" and listed two silver barstools purchased on March 1, 2002, and a "martini bar onyx" purchased on February 19, 2002. Exhibit "R-E" contained a receipt showing items "Morgan bed with panels" and "tall chest" were purchased from "Ethan Allen" on November 14, 2007. Lastly, Exhibit "R-F" showed a receipt from Ethan Allen—listing items appearing as "[dresser or dressing] chest," "chairside chest," "arch panel bed," and "mirror"—but does not list a date.

From this evidence, we cannot say the record established that Willie presented clear and

10

convincing evidence to support his claim for a "bedroom set" and "barstools." Willie's evidence is contradictory in nature, in that he testified items were purchased in 2000, yet failed to identify such items as separate property in his inventory and his testimony. In his testimony and in his inventory, Willie merely claimed a "bedroom set" and introduced receipts containing multiple items. *See Cohen v. Bar*, 569 S.W.3d 764, 775 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) (finding evidence sparse and inconsistent to prove separate property when testimony did not clearly identify which assets were obtained before marriage). Furthermore, one receipt completely lacks a date and therefore constitutes no evidence to support Willie's claim. Rachel conceded certain items were purchased by Willie before the marriage and did concede that the "bedroom set" was in her possession, but she further stated the children were using it. No testimony was presented to identify what specific items made up the "bedroom set." Lastly, there was no additional testimony on the "bar stools." The only testimony presented regarding the bar stools was a brief mention by Willie that they were in Rachel's possession. Rachel did not concede they were in her possession and no further evidence was provided.

Rachel asserts Willie failed to properly rebut the community property presumption due to his inventory, his testimony, and the evidence she provided explaining that the children were using the furniture impliedly with his consent. Willie contends Rachel offered no contradictory evidence. However, the burden is on Willie to prove by clear and convincing evidence. We conclude the trial court found that clear and convincing evidence was not shown with receipts listing multiple items and a general request for "bedroom set" and "bar stools" was made. The trial court could have considered the inconsistencies in Willie's inventory along with his failure to otherwise prove which specific items were purchased before the date of marriage. Accordingly, we cannot find the

11

trial court abused its discretion in its characterization of certain property and its corresponding division to the parties. Furthermore, because the parties did not request the trial court make findings of fact and conclusions of law, we must conclude the trial court made all findings necessary to support the judgment. *Richardson*, 424 S.W.3d at 699.

Willie's second issue is overruled.

### D. Child Support

In his final issue, Willie asserts the trial court abused its discretion by calculating child support without reducing for the cost of health insurance payments. Willie cites no authority, asserts no argument in how the trial court did not consider the cost of health insurance, and asserts no argument as to what the correct child support calculation should have been. In his single sentence briefing of Issue Three, Willie fails to present any analysis or citation to legal authority. Even construing his brief liberally, we cannot say he adequately briefed this issue. *See* TEX. R. APP. P. 38.1(i); *Fox v. Alberto*, 455 S.W.3d 659, 668 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

Accordingly, we overrule Willie's third issue.

### III. CONCLUSION

Having overruled Willie's issues on appeal, we affirm the trial court's judgment.


GINA M. PALAFOX, Justice

November 16, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.


12