

**In the
Court of Appeals
Second Appellate District of Texas
at Fort Worth**

_____

No. 02-25-00058-CV

_____

CLAYTON HOFF, Appellant

V.

SHONDA HOFF, Appellee

On Appeal from the 97th District Court
Archer County, Texas
Trial Court No. 2023-0084A-CV

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

Clayton Hoff (Husband) appeals from the trial court's final divorce decree dissolving his marriage to Shonda Hoff (Wife) and dividing their marital estate. Husband raises two issues: (1) the trial court abused its discretion by awarding Wife a disproportionate share of the marital estate, and (2) the trial court abused its discretion by denying Husband's motion to reopen the evidence. We will affirm.

## I. Background

Husband and Wife married in 2004. Wife filed for divorce in July 2023. Husband was served with citation two days later. He countersued for divorce shortly thereafter.

In April 2024, Wife filed her inventory and appraisement of all assets, liabilities, and community and separate property.[1] Husband did not file an inventory and appraisement. He also failed to respond to Wife's requests for production and failed to make the required initial disclosures under Texas Rule of Civil Procedure 194.2.[2] *See* Tex. R. Civ. P. 194.2.

---

[1]The trial court's local rules require that parties in divorce cases file "a complete, itemized, sworn inventory and appraisement of all separate and community property owned or claimed by the parties to the marriage, and all debts and liabilities owed by the parties" no later than thirty days before trial. *See* 97th (Tex.) Dist. Ct. Loc. R. 11.4(a) (Archer, Clay, and Montague Counties).

[2]When this case was filed in July 2023, Rule 194.2 required a party in a divorce case to provide the following documents to the other party without awaiting a discovery request: (1) all deed and lien information on any real property owned and all lease information on any real property leased; (2) all statements for any pension plan, retirement plan, profit-sharing plan, employee benefit plan, and individual retirement plan; (3) all statements or policies for each current life, casualty, liability, and health

Wife moved to compel Husband to respond to her production requests and to make the required initial disclosures. While Wife's motion was pending, Husband's attorney moved to withdraw because the attorney had been unable to "effectively communicate" with Husband. In a letter to the trial court, Husband's attorney explained

> After multiple attempts to get into contact with [Husband] regarding his inventory, discovery, court dates[,] and remaining balance with my office, and only getting a hold of him less than half the time[,] I am asking that if you do not receive an objection after 10 days of filing from [Husband], that you sign the order allowing me to withdraw.

The trial court granted the motion to withdraw on August 6, 2024.

The trial court granted Wife's motion to compel on August 13, 2024, and ordered Husband to make his initial disclosures to Wife, to provide Wife with his inventory and appraisement, and to produce documents responsive to Wife's production requests within thirty days. Despite the trial court's order, Husband failed to provide Wife with his inventory and appraisement, failed to make initial disclosures, and produced only some documents.

The case was called to trial on December 2, 2024. Husband—who had retained an attorney that day—moved for a continuance, which the trial court denied. The case was tried to the bench, and Wife and Husband both testified and offered

insurance policy; and (4) all statements pertaining to any account at a financial institution, including banks, savings and loans institutions, credit unions, and brokerage firms. Tex. R. Civ. P. 194.2(c)(1), 84 Tex. B.J. 149, 155 (Tex. 2021, amended 2023).

documentary evidence regarding the couple's debts and the value of various assets in the marital estate, including the couple's home, farming and ranching property, and interests in oil and gas wells. At the trial's conclusion, the trial court granted the parties a divorce but took the property-division issue under advisement.[3]

Two days later, Husband moved to reopen the evidence, explaining that during trial, "it became apparent from testimony that substantial evidence exists which was not available to the Court, including detailed information about [Husband]'s personal and business financial assets." The trial court denied the motion.

In mid-December, the trial court announced its property-division decision in a letter to the parties, and on January 21, 2025, the trial court signed a final divorce decree. Relevant to this appeal, the trial court awarded the couple's interests in oil and gas wells to Wife, the marital residence and the farming and ranching property to Husband, and Husband's credit card debt to him.

Neither party requested findings of fact and conclusions of law or filed any postjudgment motions. Husband timely appealed and, in two issues, challenges the trial court's property division and its decision to deny his motion to reopen the evidence. We address each of these issues in turn.

---

[3]The trial court also approved the parties' agreement regarding the conservatorship of the parties' children, set child and medical support, and ordered a standard possession schedule. Husband does not challenge the trial court's rulings regarding the couple's children.

## II. Division of Marital Property

Husband asserts in his first issue that the trial court abused its discretion by awarding Wife a disproportionate share of the marital estate.

### A. Standard of Review and Applicable Law

The Texas Family Code requires the trial court to divide community property in a "just and right" manner "having due regard for the rights of each party and any children of the marriage." Tex. Fam. Code Ann. § 7.001. The trial court has broad discretion when dividing the marital estate. *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981). If the evidence demonstrates a reasonable basis for doing so, the trial court may order a disproportionate division of the community property. *See id.* at 698–99. "To disturb a trial court's division of property, a party must show that the court clearly abused its discretion by a division or an order that is manifestly unjust or unfair." *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). When we review a property division for an abuse of discretion—which in family-law cases includes considering legal and factual sufficiency as relevant factors—we must determine (1) whether the trial court had sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in its application of that discretion. *Rice v. Rice*, No. 02-21-00413-CV, 2023 WL 109817, at *8 (Tex. App.—Fort Worth Jan. 5, 2023, no pet.) (mem. op.).

To determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the

value of those assets. *Goode v. Garcia*, No. 01-20-00143-CV, 2021 WL 6015296, at *6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2021, no pet.) (mem. op.); *Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In a divorce case, a trial court must file written findings of fact, "including the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented" if a party so requests. Tex. Fam. Code Ann. § 6.711(a). Without such findings, an appellate court cannot know the basis for the trial court's division of property, the values the trial court assigned to the community assets, or the percentage of the marital estate each party received. *Goode*, 2021 WL 6015296, at *6; *Brown*, 526 S.W.3d at 507. The parties' property inventories filed with the trial court cannot serve as a substitute for a trial court's fact findings. *Goode*, 2021 WL 6015296, at *6; *Brown*, 526 S.W.3d at 507.

In a bench trial in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all fact findings necessary to support it. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). We must affirm the judgment if we can uphold it on any legal theory supported by the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011). If a party in a divorce case does not request findings of fact from the trial court, that party cannot establish whether the trial court intended the division to be equal or disproportionate, and if disproportionate, what factors the trial court found to warrant an unequal distribution if one was intended. *Brown*, 526 S.W.3d at 507.

6

**B. Analysis**

Husband contends that the trial court erred by awarding Wife a disproportionate share of the marital estate. In support of this issue, he argues that there was insufficient evidence of the value of the couple's interests in oil and gas wells and their farming and ranching property. He further complains that the trial court abused its discretion by awarding all of Husband's $82,300 credit card debt to him because Wife testified at trial that she "had no awareness about what the credit cards were used for."

At trial, the trial court admitted into evidence Wife's inventory and appraisement. Wife also testified regarding the value of the couple's interests in oil and gas wells operated by Powder River Resources, LLC and Bridwell Oil Company. Wife valued the Powder River interest at $30,000 and the Bridwell Oil interest at $33,000. She arrived at these values based on the amount the couple had invested in the oil and gas interests. Husband disagreed with Wife's valuation method and testified that "[i]f you were gonna buy one of these leases, you [would] take the year production and times it around four, and that's what they're supposed to be worth." He further testified that "if you took the production calculated out," the interests would be worth "substantially more" than $30,000 and $33,000, respectively. Husband opined that he "wouldn't take any less" than $75,000 or $80,000 for the Powder River interest and that he valued the Bridwell Oil interest at "probably double that."

7

Regarding the couple's farming and ranching property, Wife admitted that she did not know the number of cattle the couple owned, but she offered into evidence financial records from Legend Bank and the United States Department of Agriculture showing about $868,780 in farm loans in Husband's name from those two institutions secured by $1,202,500 in collateral consisting of livestock, equipment, and vehicles. Husband agreed that the banking records reflected assets worth $1,202,500 and that after deducting the amounts owed to Legend Bank and the USDA, the farming and ranching property was worth $333,720 "on paper." He disputed the value of collateral, however, stating that it "depends on what stuff sells for" and that some of the collateral was partially or fully owned by his father.

Wife also presented evidence that since she filed for divorce, Husband had paid $82,300 toward the charges on his Capital One credit card. She testified that Husband told her that he was "broke" and had "to use it to live on." She further testified that she did not benefit from her husband's using the Capitol One credit card but admitted that she did not know for what the credit card was being used. Husband testified that he used the Capital One credit card for living expenses but that he primarily used it for farm expenses.

Here, the evidence presented at trial was some evidence upon which the trial court could have valued the oil and gas interests, the farming and ranching property, and the credit card debt. These assets and liabilities were not the only property and debts awarded to the parties in the final divorce decree, which aside from awarding

Wife a $250,000 judgment against Husband secured by an owelty lien on the marital residence, does not assign values to the property and debts awarded to the parties and does not assign a value to the community estate as a whole. Nor does the decree reflect whether the property and debts awarded to Husband and Wife were equal or disproportionate. The decree merely states that the division of the marital estate "is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage."

Nor did the trial court make any fact findings regarding the value of any property or debt, and the record does not reflect that either party requested that the trial court file findings of fact and conclusions of law. The record thus does not contain fact findings reflecting the values that the trial court assigned to each community asset or liability or what percentage of the marital estate that each party received. Without findings, we cannot know the basis for the trial court's division of the marital estate, the values assigned to the community assets and debts, or the percentage of the marital estate awarded to each party. *See* Tex. Fam. Code Ann. § 6.711(a). Similarly, the absence of findings precludes Husband from establishing whether the trial court intended the division of property to be equal or disproportionate, what factors the trial court found to warrant an unequal distribution if one was intended, or whether the division was disproportionate. In short, "it is impossible for [us] to determine that the trial court abused its discretion in its division of the community property." *Brown*, 526 S.W.3d at 508 (quoting *Vasudevan v.*

9

*Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at \*4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.)).

We overrule Husband's first issue.

### III. Motion to Reopen the Evidence

Husband contends in his second issue that the trial court abused its discretion by denying his motion to reopen the evidence.

### A. Standard of Review and Applicable Law

Absent an exception not applicable here, Texas Rule of Civil Procedure 270 enables a trial court to "permit additional evidence to be offered at any time" when it "clearly appears to be necessary to the due administration of justice." Tex. R. Civ. P. 270. "The decision to reopen the evidence is within the sound discretion of the trial court, and the trial court should liberally exercise its discretion in the interest of justice so that all parties can fully develop their case." *Hale v. Hale*, No. 02-23-00234-CV, 2024 WL 4510195, at \*12 (Tex. App.—Fort Worth Oct. 17, 2024, pet. denied) (mem. op.). We will not disturb a trial court's refusal to reopen the evidence absent a clear abuse of discretion. *See In re B.M.*, No. 02-24-00035-CV, 2025 WL 211330, at \*12, \*14 (Tex. App.—Fort Worth Jan. 16, 2025, no pet.) (mem. op.).

In determining whether to grant a motion to reopen the evidence, a trial court may consider several factors, including whether (1) the moving party showed due diligence in obtaining the evidence; (2) the proffered evidence is decisive; (3) the

reception of such evidence will cause undue delay; and (4) granting the motion will cause an injustice. *Id.* at *13; *Hale*, 2024 WL 4510195, at *12.

**B. Analysis**

In his motion, Husband explained that he wanted to reopen the evidence to present bank statements, testimony and documentation regarding ownership of specific farm property, and financial documentation reflecting account balances, business revenues, liabilities, and "other pertinent information." He argued that this additional evidence was "critical to providing the [trial] [c]ourt with a complete and accurate understanding of the marital estate" and was "necessary to ensure a fair and equitable division of property."

In a divorce proceeding, "[e]ach spouse has the burden to present sufficient evidence of the value of the community estate to enable the trial court to make a just and right division" of the marital estate. *Goode*, 2021 WL 6015296, at *8 (quoting *Fuentes v. Zaragoza*, 555 S.W.3d 141, 162 (Tex. App.—Houston [1st Dist.] 2018, no pet.)). Here, Husband had roughly a year and half from the time he was served with Wife's petition in July 2023 until the December 2024 trial to secure documentation and testimony regarding ownership of farm property, account balances, business revenues, and liabilities. Husband's first attorney moved to withdraw in July 2024 because Husband was nonresponsive to his attorney's attempts to contact him regarding his inventory, discovery, and court dates. In August 2024, the trial court ordered Husband to make his initial disclosures, to provide Wife with his inventory

11

and appraisement, and to produce responsive documents to Wife within thirty days. By the time of trial over three months later in December 2024, Husband had produced only some documents to Wife. Husband never made his disclosures or filed an inventory and appraisement, and he waited until the week before trial to secure a new attorney whom Husband "actually retained" the day of trial. In short, Husband had ample opportunity and time to obtain valuation evidence before trial but chose not to do so.

Based on Husband's lack of due diligence, we conclude that the trial court did not abuse its discretion by refusing to reopen the evidence to allow Husband to present evidence regarding ownership of farm property, account balances, business revenues, and liabilities. *See B.M.*, 2025 WL 211330, at *14 (holding that trial court did not abuse its discretion by refusing to reopen the evidence based on lack of due diligence because father had failed to offer evidence of his work schedule at trial and had waited until after trial to start counseling that had been recommended ten months earlier); *In re Marriage of Hale*, No. 06-22-00066-CV, 2023 WL 2979026, at *2 (Tex. App.—Texarkana Apr. 18, 2023, no pet.) (mem. op.) (holding that trial court did not abuse its discretion by refusing to reopen the evidence because "the trial court could have determined that [husband] had the opportunity to obtain the evidence to prove his claims before the final hearing but did not exercise due diligence by waiting until after the trial had concluded").

We overrule Husband's second issue.

12

## IV. Conclusion

Having overruled Husband's two issues, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: August 26, 2025