**Opinion issued November 19, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-23-00932-CV

———————————

### CONSTANTINO PAPANICOLAOU, Appellant

### V.

### MYSTI L. DENNIS, AARON B. PICKELNER, JANE M. ROBERTSON, AND THE LAW FIRM OF CORDELL & CORDELL, P.C., Appellees

———————————

**On Appeal from the 334th District Court**
**Harris County, Texas**
**Trial Court Case No. 2018-58906**

———————————

## MEMORANDUM OPINION

This is a legal malpractice case arising from a divorce and custody action. Constantino Papanicolaou ("Costa") sued his former counsel, the Law Firm of Cordell & Cordell, P.C. (the "Law Firm"), and its attorneys, Mysti L. Dennis, Aaron B. Pickelner, and Jane M. Robertson, for professional negligence, breach of

fiduciary duty, fraud, and violations of the Texas Deceptive Trade Practices Act (DTPA). He sought damages, fee forfeiture, and costs. The Law Firm filed a counterclaim against Costa for unpaid attorney's fees.

The trial court granted summary judgment for the Law Firm and its attorneys on Costa's fraud and DTPA claims. Costa nonsuited his claims against Robertson. After a jury trial, the trial court signed a judgment in favor of Costa on his claim for breach of fiduciary duty against the Law Firm and awarded him damages. It rendered judgment that Costa take nothing on all of his other claims. The trial court rendered judgment for the Law Firm on its counterclaim but awarded zero damages.

After a hearing, the trial court denied Costa's motions for fee forfeiture and costs. It subsequently denied Costa's request for findings of fact and conclusions of law on the forfeiture issue.

In three issues, Costa contends that the trial court erred in denying his motion for fee forfeiture, his request for findings of fact and conclusions of law on that issue, and his motion for costs.

We affirm in part and reverse and remand in part.

## Background

In 2014, Costa retained the Law Firm to represent him in a divorce matter. Dennis, Pickelner, and Robertson were assigned to the case. Costa and his wife, Augusta, settled and executed an agreed final decree.[1]

A dispute later arose between Costa and Augusta regarding certain custody provisions in the decree. The Law Firm filed an enforcement action on behalf of Costa, seeking to hold Augusta in contempt. The trial court ruled that the provisions at issue in the decree lacked specificity and were not enforceable by contempt.[2] After several months without resolution, Costa terminated the Law Firm's services.

Subsequently, Costa sued the Law Firm and its attorneys for professional negligence, breach of fiduciary duty, fraud, and violations of the DTPA. He alleged that they failed to perform their duties with ordinary care, skill, and diligence. Specifically, they failed to: (1) fully explain the terms of the engagement contract and the decree, (2) ensure that an agreement was reached to sell his real estate before it fell into foreclosure during the divorce proceeding, (3) ensure that the decree's visitation provisions were enforceable by contempt, (4) disclose to him that such provisions were unenforceable, and (5) obtain a clarification order.

---

[1] *See In re Papanicolaou*, Cause No. 2014-06479, in the 257th District Court of Harris County, Texas.

[2] *See In re A.C.P.*, No. 14-17-00896-CV, 2018 WL 6053503, at \*2 (Tex. App.— Houston [14th Dist.] Nov. 20, 2018, no pet.) (mem. op.).

Costa further alleged that the failure of the Law Firm and its attorneys to explain the terms of the engagement contract and to disclose to him that the custody terms of the decree were "unenforceable" "involved clear and serious breaches" of fiduciary duty, fraud, and DTPA violations. He sought actual damages, mental-anguish damages for lost time with his child, and forfeiture of all attorney's fees.

The trial court granted summary judgment for the Law Firm and its attorneys on Costa's claims for fraud and violations of the DTPA. Costa non-suited his claims against Robertson. His claims against the Law Firm, Dennis, and Pickelner for negligence and breach of fiduciary duty were tried to a jury.

The jury found in favor of the Law Firm, Dennis, and Pickelner on Costa's negligence claims and in favor of Dennis and Pickelner on Costa's claims for breach of fiduciary duty. The jury found that only the Law Firm failed to comply with its fiduciary duties to Costa and awarded him $9,000.00 for mental anguish.

With respect to the Law Firm's counterclaim for attorney's fees, the jury found that the Law Firm performed compensable work for which it was not paid but awarded damages of "$0.00."

Costa subsequently filed motions for fee forfeiture and costs. He argued that because he "pled and proved [a] breach of fiduciary duty" as to the Law Firm, he was "entitled to the remedy of forfeiture of the fees." He requested that the trial court order the "forfeiture by refund of fees in the amount of $53,490.00."

4

After hearings on the forfeiture and costs issues, the trial court signed a final judgment. In its judgment, the trial court noted that Costa had nonsuited his claims against Robertson. It held that Costa take nothing on his claims against Dennis, Pickelner, and the Law Firm for negligence and nothing on his claims against Dennis and Pickelner for breach of fiduciary duty. It held in favor of Costa on his claim against the Law Firm for breach of fiduciary duty and awarded him damages of $9,000.00. And it held that the Law Firm take nothing on its counterclaim for fees. Lastly, it awarded costs to the Law Firm, Dennis, Pickelner, and Robertson in the amount of $4,280.00. All other relief not granted was denied.

On October 27, 2023, Costa filed a request for findings of fact and conclusions of law. The trial court issued an order denying his request.

### Findings and Conclusions

In his third issue, Costa contends that the trial court erred in "declining to file findings of fact and conclusions of law as to [its] failure to award fee forfeiture damages to [him]." He asks us to abate this appeal "so that the trial court can make those findings."

In a case tried without a jury, any party may request, "within twenty days after [the] judgment is signed," that the trial court state in writing its findings of fact and conclusions of law. TEX. R. CIV. P. 296. A party who fails to timely request findings and conclusions is deemed to have waived the right to complain on appeal of a trial

5

court's failure to make them. *Hubbert v. Hubbert*, No. 01-20-00065-CV, 2021 WL 4780090, at *3 (Tex. App.—Houston [1st Dist.] Oct. 14, 2021, no pet.) (mem. op.).

Here, the record shows that the trial court held a hearing on Costa's motion for fee forfeiture on August 9, 2023. On September 29, 2023, the trial court signed a final judgment, in which it held that Costa take nothing on his forfeiture claim.

Any request for findings of fact and conclusions of law was due by October 19, 2023. Costa did not file his request until October 27, 2023. Costa's request was untimely. *See id.*; *see, e.g.*, *Gabel v. Gabel-Koehne*, 649 S.W.3d 590, 602 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (request for findings and conclusions filed one day late was untimely).

In his request for findings of fact and conclusions of law, Costa urged the trial court to conclude that his request was timely filed because the judgment "was signed on September 29, 2023" but "was not entered . . . until October 25, 2023, when a copy was given to [Costa]." And he asserted that he filed his request "within 20 days after first notice by the clerk that the Court had signed the judgment."

Costa does not direct us to anything in the record supporting his assertion that the judgment "was not entered" until October 25, 2023. Regardless, rule 296 states that any request for findings of fact and conclusions of law must be filed "within twenty days after [the] judgment is *signed*." TEX. R. CIV. P. 296 (emphasis added). He does not dispute that the trial court *signed* the judgment on September 29, 2023.

6

Costa also argues that his request for findings of fact and conclusions of law was timely because he did not receive notice of the trial court's judgment until October 25, 2023, more than twenty days after the judgment was signed.

Rule of Civil Procedure 306a extends the deadline for requesting findings of fact and conclusions of law if a party adversely affected by the judgment (or his attorney) has neither received the requisite notice under the rule nor acquired actual knowledge of the judgment within twenty days after it was signed. *See* TEX. R. CIV. P. 306a(1), (4). But the extension does not apply unless the adversely affected party "prove[s] in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *See id*. 305a(5). Costa does not direct us to any place in the record in which he presented this matter to the trial court. *See id*. He therefore cannot avail himself of the extension in rule 306a.

Because Costa did not timely request findings of fact and conclusions of law, the trial court did not err in denying his request. *See Gabel*, 649 S.W.3d at 602 (trial court not required to comply with untimely request for findings of fact and conclusions of law). As a result, he waived the right to complaint on appeal about any failure of the trial court to make them. *See Hubbert*, 2021 WL 4780090, at *3.

We overrule Costa's third issue.

7

## Fee Forfeiture

In his second issue, Costa contends that the "trial court erred in declining to award fee forfeiture damages to [him] as the successful, prevailing party at trial."

**A.      *Standard of Review and Legal Principles***

"Fee forfeiture is an equitable remedy whose primary purpose is not to compensate the injured client, but to protect the relationship of trust between attorney and client by discouraging attorney disloyalty." *Hoover v. Larkin*, 196 S.W.3d 227, 233 (Tex. App.—Houston [1st Dist.] 2006, pet. denied).  The remedy is not "automatic," may be partial or complete, and must "fit the circumstances presented." *Burrow v. Arce*, 997 S.W.2d 229, 242 (Tex. 1999).  It is not justified in every instance in which a lawyer violates a legal duty. *Id*. at 241.  Some violations are inadvertent or do not significantly harm the client. *Id*.  Hence, the remedy is "restricted to 'clear and serious' violations of duty." *Id*.  "Whether a fee forfeiture should be imposed must be determined by the trial court based on the equity of the circumstances." *Dernick Res., Inc. v. Wilstein*, 471 S.W.3d 468, 482 (Tex. App.—Houston [1st Dist.] 2015, pet. denied) (internal quotations omitted).

We review a trial court's decision on whether to impose fee forfeiture under an abuse-of-discretion standard. *See Burrow*, 997 S.W.2d at 243.  A trial court does not abuse its discretion unless it acts arbitrarily or unreasonably, without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc*., 701 S.W.2d

238, 241–42 (Tex. 1985). Legal and factual sufficiency of the evidence are relevant factors to be considered in assessing whether the trial court abused its discretion. *Miller v. Kennedy & Minshew, P.C*., 142 S.W.3d 325, 339 (Tex. App.—Fort Worth 2003, pet. denied).

When fee forfeiture is sought, a trial court must first determine whether there are factual disputes for the jury to resolve, such as whether or when the complained-of misconduct occurred, the attorney's apparent mental state at the time, and the existence or extent of any harm to the client. *Burrow*, 997 S.W.2d at 246. If the relevant facts are undisputed, these issues may be determined by the trial court as a matter of law. *Id.*

Once any factual disputes have been resolved, the trial court must determine whether the attorney's conduct constituted a "clear and serious" violation of duty to his client, whether any of his compensation should be forfeited, and, if so, the amount. *Id.* at 243. These determinations are based on factors such as: the gravity and timing of the violation, willfulness on the part of the attorney, the effect of the violation on the value of his work for the client, any other threatened or actual harm to the client, the adequacy of other remedies, and, "[m]ost importantly, . . . whether forfeiture is necessary to satisfy the public's interest in protecting the attorney-client relationship." *Id.* at 243–44.

**B.**     *Discussion*

Here, Costa argues that the trial court's "finding of no forfeiture should be reversed because the record does not show [that it] made the required determination that the conduct of the [Law Firm] was not a clear and serious breach of fiduciary duty as found by the jury." (Internal quotations omitted.)  He asserts that "[t]here is no showing that the trial court's conclusion applied the factors" and that "no specific implied findings are supported by the evidence."

As discussed above, Costa did not timely request findings of fact and conclusions of law.  In the absence of a trial court's written findings and conclusions, we must presume that the trial court made all the necessary findings to support its judgment and that all factual disputes were resolved in favor of its ruling. *See Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2017, no pet.); *see also* TEX. R. CIV. P. 299 (trial court's findings of fact "must form the basis of the judgment" upon all grounds of recovery and defenses therein).  Further, "[w]here findings of fact and conclusions of law are not properly requested and none are filed, the judgment of the trial court must be affirmed if it can be upheld on any legal theory that finds support in the evidence." *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).[3]

---

[3]     "Findings of fact must not be recited in a judgment." TEX. R. CIV. P. 299a.  Also, a "court of appeals [is] not entitled to look to any comments that the judge may have

Further, with respect to the evidence, it was Costa's burden as the appellant to bring forth a record sufficient to show reversible error on appeal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Otherwise, we "must presume the evidence presented was sufficient to support the [trial] court's order." *Willms v. Ams. Tire Co., Inc.*, 190 S.W.3d 796, 803 (Tex. App.—Dallas 2006, pet. denied).

In his motion for fee forfeiture and supplemental briefing, Costa argued that because he "pled and proved [a] breach of fiduciary duty" as to the Law Firm, he was "entitled to the remedy of forfeiture of the fees." He requested that the trial court order the "forfeiture by [a] refund of fees in the amount of $53,490.00." In support of his argument that the Law Firm's breach was "clear and serious," Costa asserted that the jury's affirmative finding was supported by legal and factually sufficient evidence. He relied on evidence admitted a trial and discussed what "[w]e know from trial testimony"—including his own, from his expert, and from Dennis and Pickelner. And he noted that the "the paid fee amount is $53,490.00, per trial testimony."

made at the conclusion of a bench trial as being a substitute for findings of fact and conclusions of law." *In re W.E.R.*, 669 S.W.2d 716, 717 (Tex. 1984).

11

At the hearing on Costa's motion, the trial court granted Costa's request that it take judicial notice of its file and the evidence admitted at trial. Costa did not, however, file the trial record in this appeal. No additional evidence or testimony was taken at the hearing. And argument of counsel is not evidence. *See Fallon v. MD Anderson Physicians Network*, 586 S.W.3d 58, 75 (Tex. App.—Houston [1st Dist.] 2019, pet. denied).

Without findings of fact and conclusions of law, and without a record of the evidence on this issue, we are without the record of facts bearing on the jury's general findings on the issue of a breach of fiduciary duty by the Law Firm.[4]

---

[4] Specifically, Question No. 6 of the trial court's charge asked:

Did Defendants comply with their fiduciary duty to Plaintiff?

. . . . [W]hen a fiduciary profits or benefits in any way from a transaction with the beneficiary, a presumption of unfairness arises that shifts the burden of persuasion to the fiduciary or the party claiming the validity or benefits of the transaction to show that the transaction was fair and equitable to the beneficiary.

Defendants must show—

1.   The transactions in question were fair and equitable to Plaintiff; and

2.   Defendants made reasonable use of the confidence that Plaintiff placed in Defendants; and

3.   Defendants acted in the utmost good faith and exercised the most scrupulous honesty toward Plaintiff; and

4.   Defendants placed the interests of Plaintiff before their own and did not use the advantage of their position to gain any benefit for themselves at the expense of Plaintiff; and

5.   Defendants fully and fairly disclosed all important information to Plaintiff concerning the transactions.

Although certain exhibits appear in our clerk's record, Costa also relies on trial testimony that is not before us.  Thus, we cannot meaningfully review whether the trial court abused its discretion in reaching its implied *adverse* conclusion that the conduct of the Law Firm *did not* constitute a "clear and serious" violation of duty to Costa and that a forfeiture of fees *was not* warranted under the circumstances. *See Burrow*, 997 S.W.2d at 243; *see, e.g.*, *Dernick Res. Inc.*, 471 S.W.3d at 479, 483–86 (analyzing evidence presented on forfeiture factors); *Miller*, 142 S.W.3d at 340 (analyzing whether evidence supported specific findings on forfeiture factors).  A trial court does not abuse its discretion if some evidence reasonably supports its decision. *Miller*, 142 S.W.3d at 339.

Namely, we are without findings and conclusions, or evidence, on the gravity and timing of the alleged violations, degree of apparent willfulness, any effect on the value of the Law Firm's work, the adequacy of other remedies, and whether forfeiture was necessary to satisfy the public's interest in protecting the attorney-client relationship. *See Burrow*, 997 S.W.2d at 243–44, 246.  Rather, we must presume that the trial court made all the necessary findings to support its judgment and that the evidence was sufficient. *See Brown*, 526 S.W.3d at 507.

Accordingly, we hold that Costa has not demonstrated that the trial court abused its discretion in denying his motion for fee forfeiture. *See Miller*, 142 S.W.3d at 339.

13

We overrule Costa's second issue.

## Costs

In his third issue, Costa contends that the trial court erred in "declining to award [him] his court costs" because he was the successful party at trial.

### A. *Standard of Review and Legal Principles*

We review a trial court's allocation of costs for an abuse of discretion. *May v. Ticor Title Ins.*, 422 S.W.3d 93, 102 (Tex. App.—Houston [14th Dist.] 2014, no pet.). Texas Rule of Civil Procedure 131 provides that the "successful party to a suit *shall* recover of his adversary *all costs incurred* therein, except where otherwise provided." TEX. R. CIV. P. 131 (emphasis added). The "successful party" is "one who obtains [a] judgment of a competent court vindicating a civil right or claim." *Mag Instrument, Inc. v. G.T. Sales Inc.*, 294 S.W.3d 800, 808 (Tex. App.—Dallas 2009, pet. denied) (internal quotations omitted). "Success" is based on the merits and not on an award of damages. *Id.* A court should consider the judgment rather than the verdict. *May*, 422 S.W.3d at 102.

A trial court "may, for good cause, to be stated on the record, adjudge the costs otherwise than as provided by law or these rules." TEX. R. CIV. P. 141. However, varying from rule 131 without stating good cause on the record constitutes an abuse of discretion. *Finlay v. Olive*, 77 S.W.3d 520, 528 (Tex. App.—Houston [1st Dist.] 2002, no pet.).

14

**B.** *Discussion*

Here, Costa filed a motion arguing that he was entitled to costs as the "successful, prevailing party at trial." The Law Firm filed a cross-motion for costs, arguing that it was entitled to costs because it prevailed on the "primary cause of action" in the case, which it asserted was professional negligence.

The trial court's judgment awarded costs to all the defendants—the Law Firm, Dennis, Pickelner, and Robertson. There is no specific mention of costs with respect to Costa. Rather, the trial court's judgment simply states that all other relief not granted is denied.

The record reflects that neither Costa nor the Law Firm was wholly successful in this case. The trial court rendered summary judgment against Costa on his fraud and DTPA claims against the Law Firm, Dennis, Pickelner, and Robertson. Then, shortly before trial, Costa nonsuited his claims against Robertson. Subsequently, Costa was successful at trial on his breach-of-fiduciary-duty claim against the Law Firm. But he was not successful on his negligence claims against the Law Firm, Dennis, or Pickelner, nor was he successful on his breach-of-fiduciary-duty claim against Dennis and Pickelner. And judgment was rendered against Costa on the merits of the Law Firm's counterclaim.

Thus, although the trial court rendered judgment for Costa on his breach-of-fiduciary-duty claim against the Law Firm, it rendered judgment against him on *all* of his other claims.

Because Dennis and Pickelner were successful in defending against all of Costa's claims against them, they were entitled to an award of costs. *See* TEX. R. CIV. P. 131; *Mag Instrument, Inc.*, 294 S.W.3d at 808. Also, Robertson, as the beneficiary of Costa's nonsuit, was a "successful party" entitled to court costs. *See City of Hous. v. Woods*, 138 S.W.3d 574, 581 (Tex. App.—Houston [14th Dist.] 2004, no pet.); *see also* TEX. R. CIV. P. 162.[5]

Further, the Law Firm was entitled to costs because it prevailed on the merits of its counterclaim for unpaid fees. Rule of Civil Procedure 303 provides that when a counterclaim is pleaded, the party in whose favor final judgment is rendered "shall also recover the costs." TEX. R. CIV. P. 303. Although the Law Firm did not recover damages on its counterclaim, "success" is based on the merits and not on an award of damages. *See Mag Instrument, Inc.*, 294 S.W.3d at 808.[6]

---

[5] Costa complains that Dennis, Pickelner, and Robertson did not request court costs at the time of judgment. Rule 131 "entitles the prevailing party to an award of costs regardless of whether that party moved for them." *Labor v. Warren*, 268 S.W.3d 273, 279 (Tex. App.—Amarillo 2008, no pet.).

[6] As Costa notes in his brief, the record shows that, at the hearing on the motion for entry of judgment, the trial court did state that the Law Firm waived its costs.

16

Although Costa was successful only on his breach-of-fiduciary-duty claim against the Law Firm, a plaintiff who prevails on one claim but not others in the same suit is a successful party as contemplated by rule 131. *See Williamson v. Roberts*, 52 S.W.3d 354, 356 (Tex. App.—Texarkana 2001) (plaintiffs were successful parties as contemplated by rule 131 even though they did not prevail on every claim they asserted), *aff'd*, 111 S.W.3d 113 (Tex. 2003); *Hasty, Inc. v. Inwood Buckhorn Joint Venture*, 908 S.W.2d 494, 503 (Tex. App.—Dallas 1995, writ denied) (plaintiff that prevailed on only one out of three claims was successful party for rule 131).

As a successful party, Costa was entitled to recover "all costs incurred." Tex. R. Civ. P. 131. The final judgment does not reflect that the trial court found good cause to adjudge the costs other than as provided by rule 131. *See* Tex. R. Civ. P. 131, 141. And, at the hearing on the entry of judgment, the trial court expressly declined to "explain" its allocation of court costs. *See Finlay*, 77 S.W.3d at 528 (holding that, after scrutinizing final judgment and transcript from hearing, it was "clear that the trial court did not make such a finding").

Although the allocation of costs is a matter for the trial court's discretion, varying from rule 131 without stating good cause on the record constitutes an abuse of discretion. *Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 376–77 (Tex. 2001); *Finlay*, 77 S.W.3d at 528; *see also Roberts v. Williamson*, 111 S.W.3d 113,

124 (Tex. 2003) ("[I]t was the trial court's responsibility to state on the record good cause for taxing a part of the court costs against . . . the successful party.").

We hold that Costa is a successful party for purposes of rule 131 and that the trial court erred in denying any costs to him without stating good cause on the record. *See* TEX. R. CIV. P. 131, 141; *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 190 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

We sustain Costa's third issue.

**Conclusion**

For the reasons set forth above, we reverse that portion of the trial court's judgment denying any award of costs to Costa and remand to the trial court solely for further proceedings on this issue consistent with this opinion. We affirm the judgment of the trial court in all other respects.


Terry Adams
Chief Justice

Panel consists of Chief Justice Adams and Justices Hightower and Countiss.