

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00229-CV

_____

BRIAN JACOB COLE, Appellant

V.

LINDSEY RENEE COLE, Appellee

---

On Appeal from the 271st District Court
Wise County, Texas
Trial Court No. CV19-03-170

---

Before Kerr, Bassel, and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Brian Jacob Cole, proceeding pro se, appeals from the trial court's final decree of divorce. He raises twelve appellate issues, contending that the trial court (1) abused its discretion by permitting the withdrawal of Appellee Lindsey Renee Cole's[1] attorney; (2) acted without jurisdiction; (3) failed to make mandatory findings and apply the appropriate evidentiary burden; (4) violated due process; (5) committed cumulative error; (6) signed a void judgment; (7) ignored his initial motion to disqualify; (8) refused a jury-trial demand; (9) engaged in retaliation, bias, and prejudice; (10) obstructed justice; (11) divided the marital estate unequally; and (12) permitted Lindsey to engage in fraud and parental alienation. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

Brian and Lindsey were married on or about September 10, 2011, and had two children together. They ceased living together as spouses on or about February 28, 2019. That same month, Lindsey filed a petition for divorce in Wise County Court at Law Number 2.

---

[1]For ease of reference, we will use the parties' first names.

During the case—which lasted nearly six years[2]—various motions were filed and several attorneys represented the parties. On February 5, 2020, Brian's then-attorney filed a demand for jury trial and paid the jury fee. On November 9, 2021, the trial judge of Wise County Court at Law Number 2 voluntarily recused himself, and the case was transferred to the 271st District Court. On October 1, 2024, the 271st District Court set the case for a final hearing. By that time, Brian's attorney had withdrawn, and he was pro se. On December 30, 2024, Lindsey's then-attorney moved to withdraw, and the trial court granted the withdrawal.

On January 27, 2025, the case proceeded to a final hearing before the trial court.[3] Brian objected to the case's proceeding, arguing that he had filed a federal lawsuit and that the case needed to be heard in federal court. The trial court denied his request.

Lindsey testified that after marrying Brian, she moved into a residence that he had purchased before their marriage. She explained that although the marital residence was Brian's separate property, she had invested between $50,000 to $100,000 into the residence for improvements and had also contributed to the

---

[2]Lindsey's attorney at the final hearing ascribed fault to Brian for the six-year delay. In April 2023 and June 2023, Brian filed bankruptcy petitions. Both petitions were dismissed in 2024.

[3]At the final hearing, Lindsey was represented by a different attorney, and Brian remained pro se.

3

mortgage. She also explained that they had purchased a lake house and an investment property during their marriage.

Lindsey further testified that on February 28, 2019—the day she moved out of the marital residence—Brian had been violent with her.[4] He grabbed her arms, threw her on the ground, and pinned her down with his knee. Their oldest child retrieved a plastic gun and a jump rope in an attempt to get Brian off her. That same day, Lindsey called the police and permanently moved out of the marital residence with their children. In response, Brian proceeded to sell the lake house, the marital residence, and Lindsey's clothing and personal belongings. He did not compensate her for any of the property sold.

Lindsey explained that after moving out of the residence, the children[5] were doing well in her care and that they did not have a relationship with Brian because they were scared of him.[6] She requested that the trial court grant the divorce, award her the investment property, and appoint her as the children's sole managing conservator.

---

[4]She later explained that Brian had also been violent with prior and subsequent girlfriends and that he had been arrested for committing family violence against a new girlfriend.

[5]At the time of trial, the children were eight and eleven.

[6]She also testified that Brian had regularly used marijuana and cocaine inside the marital residence while their children were present.

At the end of Lindsey's direct testimony, Brian inquired about his request for a jury trial. The trial court explained that it knew nothing about his request and that the final hearing had already started. Brian testified and explained that he had been alienated from his "offspring" because of Lindsey's 9-1-1 call and advocated that the trial court vacate any prior orders and "let the case reside in federal court."

After hearing all the evidence, the trial court, among other things, granted the divorce, awarded Lindsey the investment property, and appointed her as the children's sole managing conservator. On May 19, 2025, the trial court signed the final decree of divorce. Brian then filed this appeal.[7]

## III. DISCUSSION

Brian raises twelve appellate issues—all of which are either unsupported by citation to applicable legal authority, unsupported by the record, unpreserved, or inadequately briefed.[8]

---

[7]Brian and Lindsey are both pro se on appeal.

[8]Lindsey's appellate brief was due Friday, December 19, 2025, but it was not filed until Monday, December 22, 2025. *See* Tex. R. App. P. 38.6(b) (requiring appellee's brief to be filed within thirty days after the date the appellant's brief is filed). No motion for extension was filed. In response, Brian filed a motion to strike her brief as untimely. We grant his motion. However, our striking of Lindsey's appellate brief does not cure Brian's briefing inadequacies or change the disposition of his issues.

## A. LINDSEY'S ATTORNEY'S WITHDRAWAL

In his first issue, Brian argues that Texas Rule of Civil Procedure 10 "mandates written consent or a finding of no adverse effect for withdrawal within 30 days of trial" and thus the trial court abused its discretion by allowing Lindsey's attorney to withdraw 28 days before trial.[9] He fails to support this argument with citation to any applicable legal authority and fails to show that he has standing to complain of her attorney's withdrawal.

A party may not complain of errors that do not injuriously affect him or that affect only the rights of others. *In re T.N.*, 142 S.W.3d 522, 524 (Tex. App.—Fort Worth 2004, no pet.). Brian has cited no authority for the proposition that he has standing to complain about the withdrawal of an opposing party's attorney, and he does not complain that Lindsey' attorney's withdrawal injuriously affected him.[10] His cited authorities are inapposite because they address only a party's objection to the withdrawal of his or her own attorney[11]—not a party's objection to the withdrawal of an opposing party's attorney. *See Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Moss v. Malone*, 880 S.W.2d 45, 50 (Tex. App.—Tyler 1994, writ denied). Accordingly,

---

[9]Brian misstates the law. Nothing within Texas Rule of Civil Procedure 10 requires an attorney to withdraw before thirty days of trial. *See* Tex. R. Civ. P. 10.

[10]Despite Lindsey's attorney's withdrawal, the proceedings were not delayed, and the final hearing was not continued.

[11]No evidence suggests that Lindsey objected to her own attorney's withdrawal.

6

we hold that Brian had failed to show that he has standing to complain about the withdrawal of Lindsey's attorney.[12]  *See T.N.*, 142 S.W.3d at 524.

We overrule Brian's first issue.

## B. JURISDICTION

In his second issue, Brian asserts that the trial court "was divested of jurisdiction by refusing mandatory Title IV-D referral."[13]  He fails to support this assertion with citation to any applicable legal authority.

"Jurisdiction" refers to a court's authority to adjudicate a case.  *Reiss v. Reiss*, 118 S.W.3d 439, 443 (Tex. 2003).  Whether a court has jurisdiction is a question of law, which we review de novo.  *Bonsmara Nat. Beef Co. v. Hart of Tex. Cattle Feeders, LLC*, 603 S.W.3d 385, 390 (Tex. 2020).  "In general, as long as the court entering a judgment has jurisdiction of the parties and the subject matter and does not act outside its capacity as a court, the judgment is not void."  *Reiss*, 118 S.W.3d at 443.

---

[12]Without subscribing to Brian's reasoning, we note that even if he could complain of Lindsey's attorney's withdrawal, he forfeited the complaint by failing to preserve error.  Brian appeared at the hearing on Lindsey's attorney's motion to withdraw, but he did not object to the withdrawal.  *Cf. Ennadi v. Ennadi*, No. 01-21-00252-CV, 2023 WL 105109, at *3 (Tex. App.—Houston [1st Dist.] Jan. 5, 2023, pet. denied) (mem. op.) (holding that appellant who did not consent to his counsel's withdrawal motion failed to preserve error by not objecting at the withdrawal hearing).

[13]Brian does not articulate which court he believes the suit should have been referred to or expound upon the alleged "Title IV-D referral."

Brian does not challenge the trial court's jurisdiction over the parties or its ability to hear the subject matter, nor does he allege that the trial court acted outside its capacity as a court.[14] Instead, he maintains that "OAG intervention on April 3, 2019, triggered mandatory referral under Tex. Fam. Code § 201.105" and that "[a]ll orders, including the decree, are void." This is his sole challenge to the trial court's jurisdiction, and he provides no relevant legal authority in support of his argument.[15] Accordingly, we hold that Brian has failed to show that the trial court lacked jurisdiction over the suit.[16] *See Reiss*, 118 S.W.3d at 443.

We overrule Brian's second issue.

---

[14]*See* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. §§ 24.007, 24.008.

[15]Brian cites inapplicable legal authorities. First, he points us to Texas Family Code Section 201.105. Section 201.105 outlines the compensation of an associate judge, but it does not touch on a trial court's jurisdiction. *See* Tex. Fam. Code Ann. § 201.105. Second, he cites two cases that discuss whether evidence was legally and factually sufficient to support a trial court's termination of parental rights. *See In re C.P.V.Y.*, 315 S.W.3d 260, 269 (Tex. App.—Beaumont 2010, no pet.); *In re M.N.G.*, 147 S.W.3d 521, 536 (Tex. App.—Fort Worth 2004, pet. denied). As this is not a parental-rights-termination case, we fail to see how either of those cases has anything to do with the trial court's jurisdiction in this case. Thus, Brian failed to support his second issue with citation to any applicable legal authority.

[16]We note that transfer is mandatory but only when the county has a Title IV-D court. *See* Tex. Fam. Code Ann. § 201.101(d); *Office of Att'y Gen. v. C.W.H.*, 531 S.W.3d 178, 183 (Tex. 2017).

8

## C. THE FINAL DECREE

In his third issue, Brian contends that the final decree is void for a lack of clear and convincing evidence and findings, presumably to support the conservatorship order. He fails to adequately brief this issue.

An appellant must identify and explain how the trial court erred.[17] *Gunderson v. Nat'l Indoor RV, LLC*, No. 02-24-00025-CV, 2024 WL 3365233, at *2 (Tex. App.—Fort Worth July 11, 2024, pet. denied) (mem. op.). A crucial part of that burden is the appellant's responsibility to "present argument that will enable the [appellate] court to decide the case" by filing a brief that "state[s] . . . the facts . . . supported by record references" and "contain[s] a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." Tex. R. App. P. 38.1(g), (i), 38.9; *see Gunderson*, 2024 WL 3365233, at *2.

While we construe appellate briefs liberally and attempt to reach the merits of the dispute whenever reasonably possible, *see* Tex. R. App. P. 38.9; *Horton v. Stovall*, 591 S.W.3d 567, 569 (Tex. 2019), without "appropriate 'citation[s] to the record[,] . . . citations for legal references,' and 'substantive [legal] analysis,' a brief is inadequate to present an issue for our review, and the issue is waived." *Gunderson*, 2024 WL

---

[17]A pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and procedural rules. *In re T.H.*, No. 02-19-00300-CV, 2020 WL 5833624, at *2 (Tex. App.—Fort Worth Oct. 1, 2020, no pet.) (per curiam) (mem. op.); *Flores v. Off. Depot, Inc.*, No. 02-10-00311-CV, 2011 WL 2611140, at *2 (Tex. App.—Fort Worth June 30, 2011, no pet.) (mem. op.).

3365233, at *2 (quoting *NexPoint Advisors, L.P. v. United Dev. Funding IV*, 674 S.W.3d 437, 446 (Tex. App.—Fort Worth 2023, pets. denied)); *see In re Guardianship of Onyebuchi*, No. 02-13-00401-CV, 2014 WL 4463114, at *2 (Tex. App.—Fort Worth Sept. 11, 2014, pet. denied) (mem. op.) (recognizing that "arguments raised on appeal that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review").

The entirety of Brian's briefing on this issue is as follows:

**A. Constitutional Standard**
Fit parents' rights are fundamental; restrictions require clear-and-convincing evidence of unfitness (Troxel, 530 U.S. at 65; Santosky, 455 U.S. at 769).

**B. Texas law**
Equal rights are presumed (Tex. Fam. Code § 153.073); findings are mandatory (In re J.R. III, 672 S.W.3d at 363).

**C. Empty Record**
Post-trial exhibits are mere prayers (CR 601-614),[18] insufficient (In re E.R., 385 S.W.3d at 555; Lewelling, 796 S.W.2d at 167). The decree is void.

We have attempted to review Brian's briefing on this issue, but we cannot ascertain the challenges to the final decree that Brian intended to present for our review because his arguments are not discernible and contain no appropriate citations to legal authority and to the record as required by Rule 38.1(i). *See* Tex. R. App. P. 38.1(i). To the contrary, instead of providing any sort of meaningful explanation and

---

[18]We note that Brian's citation to the clerk's record includes pages 601 through 614; however, the clerk's record provided to this court ends at page 515.

analysis, Brian's argument is saturated with generalized statements and unsupported arguments.

His briefing on this issue is so inadequate that attempting to address its merits would require us to speculate on what he seeks to challenge, to abandon our role as a neutral adjudicator, and to develop his legal arguments for him—which we cannot do. *See DSW Masters Holding Corp. v. Tyree*, No. 02-11-00296-CV, 2012 WL 4661455, at *5 (Tex. App.—Fort Worth 2012, no pet.) (mem. op.) (stating that it would be inappropriate for the court to re-draft and articulate what appellant may have intended to raise as error on appeal). Here, Brian has made bare assertions of error without any analysis and appropriate citations to authority and to the record. *See Gray v. Nash*, 259 S.W.3d 286, 294 (Tex. App.—Fort Worth 2008, pet. denied).

Because arguments raised on appeal that are unsupported by analysis or appropriate citation to legal authority and to the record present nothing for us to review, we are unable to evaluate the merits of this issue.[19] *See Gray*, 259 S.W.3d at 294; *Liberty Mut. Ins. v. Griesing*, 150 S.W.3d 640, 648 (Tex. App.—Austin 2004, pet.

---

[19]Without reaching the merits of this issue, we note that if Brian intended to complain of the lack of findings of fact and conclusions of law, our review of the record reveals that he did not request the trial court to make such findings. *See* Tex. R. Civ. P. 296. In addition, the clear-and-convincing evidentiary standard applicable to parental-rights termination cases does not apply to conservatorship determinations in suits affecting the parent–child relationship. *See* Tex. Fam. Code Ann. § 105.005; *In re J.A.J.*, 243 S.W.3d 611, 616 (Tex. 2007).

11

dism'd w.o.j.) (stating that bare assertions of error, without citations to authority or record, waive error). Accordingly, we hold that this issue is waived.

We overrule Brian's third issue.

### D. DUE PROCESS

In his fourth issue, Brian maintains that the trial court violated his due-process rights by conducting the final hearing with him in handcuffs. This issue is unsupported by the record and unpreserved.

To preserve a complaint for appellate review, a party must present to the trial court a timely request, objection, or motion that states the specific grounds for the desired ruling, if not apparent from the request's, objection's, or motion's context. Tex. R. App. P. 33.1(a)(1)(A); *see* Tex. R. Evid. 103(a)(1). If a party fails to do this, error is not preserved. *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex. 1991) (op. on reh'g). The objecting party must also get a ruling—either express or implied—from the trial court. Tex. R. App. P. 33.1(a)(2)(A), (b); *see Lenz v. Lenz*, 79 S.W.3d 10, 13 (Tex. 2002).

Brian claims that he "was arrested en route and appeared in handcuffs" and that "prejudice is clear here." But he has not pointed us to anything in the record supporting his claim that he was handcuffed or otherwise restrained at the final hearing. Indeed, in our review of the record, we have found no mention of his being restrained. But even if Brian was restrained at the final hearing, he failed to preserve that complaint for our review because he did not object to wearing the restraints and

12

because the trial court did not rule on the objection. *See* Tex. R. App. P. 33.1(a)(1)(A). Accordingly, we hold that this issue is unpreserved. *See id.*

We overrule Brian's fourth issue.

### E. CUMULATIVE ERROR

In his fifth issue, Brian argues that the trial court's cumulative error denied him due process. He fails to adequately brief this issue.

The entirety of Brian's briefing on this issue is as follows:

> Multiple errors—jurisdictional, procedural, and constitutional—deny fairness (Mathews, 424 U.S. at 335; Smerke, 158 S.W.2d at 304). Combined defects require reversal (In re Marriage of Harrison, 557 S.W.3d at 118).

Brian's briefing on this issue consists of generalized statements, speculative arguments, and bare assertions of error without any analysis and appropriate citations to authority[20] and to the record. *See Gray*, 259 S.W.3d at 294. He fails to identify which allegedly "combined defects" require reversal. We conclude that such inadequate briefing presents nothing for our review. Accordingly, we hold that this issue is waived. *See id.*

We overrule Brian's fifth issue.

---

[20]Our review of Brian's cited authority reveals that none of his cases discuss or address cumulative error. *See Mathews v. Eldridge*, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976); *Smerke v. Office Equip. Co.*, 158 S.W.2d 138, 241 (Tex. 1941); *In re Marriage of Harrison*, 557 S.W.3d 99, 140 (Tex. App.—Houston [14th Dist.] 2018, pet. denied). Thus, he failed to support his fifth issue with citation to any applicable legal authority.

13

## F. SIGNING OF THE FINAL DECREE OF DIVORCE

In his sixth issue, Brian asserts that the final decree of divorce is void because it was untimely signed. He cites no applicable legal authority.

The final hearing was held on January 27, 2025, and the trial court signed the final decree on May 19, 2025. Because of the trial court's delay in signing the final decree, Brian maintains that the final decree is void. But he has citied no authority— nor have we found any—that renders a decree void if the trial court does not sign it within a specific period.[21] *C.f. Blackburn v. Blackburn*, No. 02-12-00369-CV, 2015 WL 2169505, at *9 (Tex. App.—Fort Worth May 7, 2015, no pet.) (mem. op.) (addressing a divorce decree signed approximately five months after the trial court's oral rendition of judgment). Accordingly, we hold that Brian failed to show that the trial court's delay in signing the final decree rendered it void. *See Gunderson*, 2024 WL 3365233, at *2.

We overrule Brian's sixth issue.

---

[21]Brian cites Texas Rules of Civil Procedure 306a and 329b and Texas Code of Judicial Conduct Canon 3B(8)—none of which are applicable. Rule 306a discusses periods to run from the signing of a judgment and Rule 329b outlines the time for filing motions, but neither rule mandates a judgment's signing within a specified period of time. *See* Tex. R. Civ. P. 306a, 329b. Texas Code of Judicial Conduct Canon 3B(8) prohibits ex parte communications and is unrelated to a judgment's signing. *See* Tex. Code Jud. Conduct, Canon 3B(8). Brian has thus failed to support his sixth issue with citation to any applicable legal authority.

## G. Motions to Disqualify the Trial-Court Judge

In his seventh issue, Brian contends that the trial-court judge reversibly erred by ignoring motions to disqualify him. He fails to support this argument with citation to the record.

Brian maintains that the final decree is void because he filed motions to disqualify the trial-court judge on September 26, 2024; July 17, 2025; and July 18, 2025, and the trial-court judge failed to refer the recusal motions to the regional presiding judge pursuant to Texas Rule of Civil Procedure 18a. *See* Tex. R. Civ. P. 18a.

It is well settled that "[t]he appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court." *Huston v. United Parcel Serv., Inc.*, 434 S.W.3d 630, 636 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Nicholson v. Fifth Third Bank*, 226 S.W.3d 581, 583 (Tex. App.—Houston [1st Dist.] 2007, no pet.)); *see Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990) (per curiam). Brian cannot demonstrate reversible error because the motions that he references are not in the appellate record.[22] Accordingly, we hold that Brian has failed to bring forward a sufficient record to show that the trial-court judge failed to comply with Texas Rule of Civil Procedure 18a. *See* Tex. R. Civ. P. 18a.

---

[22]And his appellate brief does not articulate the grounds for disqualification that he allegedly raised in his motions. *See* Tex. R. Civ. P. 18b(a).

15

We overrule Brian's seventh issue.

## H. JURY-TRIAL DEMAND

In his eighth issue, Brian maintains that the trial court denied him his Texas constitutional right to a jury trial. This issue is forfeited.

### 1. Applicable Law

One of our "most precious rights," the right to trial by jury, occupies "a sacred place in English and American history." *Gen. Motors Corp. v. Gayle*, 951 S.W.2d 469, 476 (Tex. 1997) (orig. proceeding). Both the United States and Texas Constitutions guarantee the right to trial by jury. *See* U.S. Const. art. III, § 2; Tex. Const. art. I, § 15. The Texas Family Code also entitles a party to a jury trial in a suit for the dissolution of a marriage and to determine conservatorship issues. Tex. Fam. Code Ann. §§ 6.703, 105.002(c)(1). To perfect this right, a party demanding a jury must file a written request at least thirty days before trial and pay a fee. Tex. R. Civ. P. 216(a), (b).

But a perfected right to a jury trial in a civil case may be waived by a party's failure to act when the trial court proceeds with a bench trial. *See In re W.G.O., III*, No. 02-12-00059-CV, 2013 WL 105661, at *2 (Tex. App.—Fort Worth Jan. 10, 2013, pet. denied) (mem. op.); *In re D.R.*, 177 S.W.3d 574, 580 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (holding that objection to bench trial was untimely and perfected right to jury trial was waived); *Walker v. Walker*, 619 S.W.2d 196, 198 (Tex. Civ. App.—Tyler 1981, writ ref'd n.r.e.) (explaining that even if jury demand was

16

made and jury fee paid, a party waives a right to a jury trial when he fails to object to proceeding without a jury when the case is called to trial). In order to preserve a trial court's error in conducting a bench trial despite a party's perfected right to a jury trial, the party must timely object to the trial court's action or affirmatively indicate that it intends to exercise its right to a jury trial. *See In re E.S.*, No. 02-20-00407-CV, 2021 WL 2149627, at *4 (Tex. App.—Fort Worth May 27, 2021, pet. denied) (mem. op.).

## 2. Waiver of Jury Trial

On February 5, 2020, Brian's then-attorney filed a demand for a jury trial in Wise County Court at Law Number Two and paid the jury fee. *See* Tex. R. Civ. P. 216(a), (b). On November 9, 2021, the case was transferred from Wise County Court at Law Number Two to the 271st District Court. Following the case's transfer, Brian's attorney withdrew, and Brian proceeded pro se.

On January 27, 2025, the parties appeared for a final hearing before the trial court without a jury. The final hearing proceeded without objection to the jury's absence,[23] and the trial court heard Lindsey's testimony, admitted exhibits, and

---

[23]We note that Brian did object pretrial to proceeding with the final hearing, but it was on the ground that he had allegedly filed a federal lawsuit removing the suit to federal court pursuant to "28 U.S.C 1146." He did not, however, object to proceeding without a jury at that time.

considered Brian's various objections to the testimony. Nearly halfway through the

final hearing,[24] Brian raised his jury-trial demand for the first time.

The following exchange ensued between Brian and the trial court:

[BRIAN]: This is not a jury trial. I was given a jury trial in the very beginning of this case back in 2019.

THE COURT: I don't know anything about that, Mr. Cole. If you had wanted a jury trial, there are procedures to file for one. And we have already started this final hearing, and now you bring that up[,] so I have nothing to hear about that. This is your opportunity to ask questions to this witness. If you want to ask questions, you may do so.

[BRIAN]: Yes, I will do that, but I'd like to know who took away my jury trial. Who would that have been in this process --

THE COURT: I have already addressed that, sir. I'm not going to – I'm not going to have an argument with you about it or try to explain it to you. If you want to ask questions to this witness, this is your opportunity now to ask your questions.

[BRIAN]: And you said this is a final trial?

THE COURT: As you know, this case has been set for a final hearing today.

Here, although he knew the case was set for a final hearing, Brian did not

object—prior to proceeding with the final hearing—to the trial court's failure to hold

a jury trial. Moreover, he actively engaged in the final hearing—making at least twenty

separate objections to Lindsey's evidence—before attempting to raise his jury-trial

demand.

---

[24]The reporter's record of the final hearing is 117 pages. Brian's first reference to his jury-trial demand is found on page 54.

We conclude that Brian, despite his perfecting his request for a jury trial, "waived that right by failing to object to proceeding without a jury when the case was called for trial." *W.G.O.*, 2013 WL 105661, at *2; *Walker*, 619 S.W.2d at 198. As a result, he has waived any right to complain on appeal that the trial court deprived him of his right to a jury trial. *See W.G.O.*, 2013 WL 105661, at *2; *see also Sunwest Reliance Acquisitions Grp., Inc. v. Provident Nat'l Assurance Co.*, 875 S.W.2d 385, 387 (Tex. App.—Dallas 1993, no writ) (holding that if a party waives her right to a jury trial by her own inaction, she also waives her right to complain on appeal that the trial court deprived her of her right to a jury trial). Accordingly, we hold that this issue is forfeited. *See W.G.O.*, 2013 WL 105661, at *2.

We overrule Brian's eighth issue.

## I. ACCUSATIONS OF MISTREATMENT BY THE TRIAL COURT

In his ninth issue, Brian levels several far-reaching and grave accusations against the trial court, including that it engaged in retaliation and antagonism and acted with bias and prejudice. He fails to adequately brief this issue.

The entirety of Brian's briefing on this issue is as follows:

Antagonism, prejudice, and denial of hearings since October 14, 2018, are evident (various RR). This violates Texas Code of Judicial Conduct Canons 3B(4) (courtesy), 3B(5) (bias), 3B(6) (manifesting bias), and Tex. R. Civ. P. 18b(2). Reversal and disqualification are warranted.

Brian's briefing on this issue consists of generalized statements, speculative arguments, and bare assertions of error without any analysis and appropriate citations

19

to the record. *See Gray*, 259 S.W.3d at 294. He fails to identify which actions allegedly taken by the trial court constitute retaliation or antagonism or show bias or prejudice. We conclude that such inadequate briefing presents nothing for our review. Accordingly, we hold that this issue is waived. *See id.*

We overrule Brian's ninth issue.

## J. OBSTRUCTION OF JUSTICE

In his tenth issue, Brian alleges that the trial-court judge obstructed justice by withholding records. He fails to adequately brief this issue.

The entirety of Brian's briefing on this issue is as follows:

> Requests for court records on July 17, 2025, and August 6, 2025, were withheld. This violates Tex. Gov't Code §§ 51.201 (clerk duties) and 552.001 (Public Information Act), and Texas Code of Judicial Conduct Canon 3B(9). Obstruction requires reversal.

Brian's briefing on this issue consists of generalized statements, speculative arguments, and bare assertions of error without any analysis and appropriate citations to the record.[25] *See Gray*, 259 S.W.3d at 294. He fails to identify when he requested the records or which records were allegedly withheld. We conclude that such inadequate briefing presents nothing for our review. Accordingly, we hold that this issue is waived. *See id.*

---

[25]As discussed in his seventh issue, "[t]he appellant bears the burden to bring forward on appeal a sufficient record to show the error committed by the trial court." *Huston*, 434 S.W.3d at 636. Here, Brian's "requests for court records" are not in the appellate record.

We overrule Brian's tenth issue.

## K.  DIVISION OF PROPERTY

In his eleventh issue, Brian argues that "the unequal property division constitutes reversible error."  He fails to support this argument with citation to the record.

The entirety of Brian's briefing on this issue is as follows:

> The court assigned Appellant's separate lot to Appellee without agreement (CR 438), violating Tex. Fam. Code § 7.001 (just division), § 3.002 (separate property), and § 4.202 (written agreement).  This is an abuse of discretion.

### 1.  Standard of Review and Applicable Law

The Texas Family Code requires the trial court to divide community property in a "just and right" manner "having due regard for the rights of each party and any children of the marriage."  Tex. Fam. Code Ann. § 7.001.  The trial court has broad discretion when dividing the marital estate.  *See Murff v. Murff*, 615 S.W.2d 696, 698 (Tex. 1981).  If the evidence demonstrates a reasonable basis for doing so, the trial court may order a disproportionate division of the community property.  *See id.* at 698–99.  "To disturb a trial court's division of property, a party must show that the court clearly abused its discretion by a division or an order that is manifestly unjust or unfair."  *Barras v. Barras*, 396 S.W.3d 154, 164 (Tex. App.—Houston [14th Dist.] 2013, pet. denied).  When we review a property division for an abuse of discretion—which in family-law cases includes considering legal and factual sufficiency as relevant

21

factors—we must determine (1) whether the trial court had sufficient evidence upon which to exercise its discretion and (2) whether the trial court erred in applying that discretion. *Rice v. Rice*, No. 02-21-00413-CV, 2023 WL 109817, at *8 (Tex. App.—Fort Worth Jan. 5, 2023, no pet.) (mem. op.).

To determine whether the assets of the community estate were divided in a "just and right" manner, an appellate court must have the trial court's findings on the value of those assets. *Goode v. Garcia*, No. 01-20-00143-CV, 2021 WL 6015296, at *6 (Tex. App.—Houston [1st Dist.] Dec. 21, 2021, no pet.) (mem. op.); *Brown v. Wokocha*, 526 S.W.3d 504, 507 (Tex. App.—Houston [1st Dist.] 2017, no pet.). In a divorce case, a trial court must file written findings of fact, "including the characterization and value of all assets, liabilities, claims, and offsets on which disputed evidence has been presented" if a party so requests. Tex. Fam. Code Ann. § 6.711(a). Without such findings, an appellate court cannot know the basis for the trial court's division of property, the values the trial court assigned to the community assets, or the percentage of the marital estate each party received. *Goode*, 2021 WL 6015296, at *6; *Brown*, 526 S.W.3d at 507.

In a bench trial in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all fact findings necessary to support it. *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 480 (Tex. 2017). We must affirm the judgment if we can uphold it on any legal theory supported by the record. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011). If a party in a divorce case does not request

findings of fact from the trial court, that party cannot establish whether the trial court intended the division to be equal or disproportionate, and if disproportionate, what factors the trial court found to warrant an unequal distribution if one was intended. *Brown*, 526 S.W.3d at 507.

## 2. Just-and-Right Division

In the final decree, the trial court awarded Lindsey the investment property. Brian contends that this award resulted in a disproportionate share of the marital estate, but he fails to point to anything in the record to support his contention that this award resulted in a division that was not just and right. *See* Tex. Fam. Code Ann. § 7.001.

Lindsey testified that during their marriage, the couple owned three real properties: (1) the marital residence, (2) a lake house, and (3) an investment property. The marital residence was Brian's separate property, but the lake house and the investment property were purchased during the marriage. Following their separation, Brian sold the marital residence, the lake house, the furniture, and Lindsey's belongings; he did not share any of the proceeds or otherwise compensate her for any of the property sold. Because Brian kept all the proceeds, Lindsey requested that the trial court award her the investment property to make a just and right division of the marital estate.

Here, the evidence presented at trial was some evidence upon which the trial court could have awarded Lindsey the investment property. *See Murff*, 615 S.W.2d

at 698. The investment property was not the only property awarded and debt assigned to the parties in the final decree, nor does the decree reflect the monetary value of the property and debt so that it can be determined whether the ultimate awards to Brian and Lindsey were equal or disproportionate. The decree merely states that the division of the marital estate "is a just and right division of the parties' marital estate, having due regard for the rights of each party and the children of the marriage."

Nor did the trial court make any fact findings regarding the value of any property or debt, and, as noted, the record does not reflect that either party requested that the trial court make findings of fact and conclusions of law. The record thus does not contain fact findings reflecting the values that the trial court assigned to each community asset or liability or what percentage of the marital estate that each party received. Without such findings, we cannot know the basis for the trial court's division of the marital estate, the values assigned to the community assets and debts, or the percentage of the marital estate awarded to each party. *See* Tex. Fam. Code Ann. § 6.711(a). Similarly, the absence of findings precludes Brian from establishing whether the trial court intended the division of property to be equal or disproportionate, whether the division was disproportionate, or what factors the trial court found to warrant an unequal distribution if one was intended. In short, "it is impossible for [us] to determine that the trial court abused its discretion in its division of the community property." *Brown*, 526 S.W.3d at 508 (quoting *Vasudevan v.*

24

*Vasudevan*, No. 14-14-00765-CV, 2015 WL 4774569, at *4 (Tex. App.—Houston [14th Dist.] Aug. 13, 2015, no pet.) (mem. op.)). Accordingly, we hold that Brian failed to show that the trial court abused its discretion in its division of the marital estate. *See Murff*, 615 S.W.2d at 698.

We overrule Brian's eleventh issue.

## L. FRAUD AND PARENTAL ALIENATION

In his twelfth issue, Brian asserts that Lindsey's alleged "fraud and parental alienation" requires reversal. He fails to adequately brief this issue.

The entirety of Brian's briefing on this issue is as follows:

> False accusations and alienation since February 28, 2019, with the court refusing modification hearings, violate Tex. Fam. Code §§ 105.002 (sanctions), 261.107 (false reports), and 156.101 (modification). Reversal is required.

Brian's briefing on this issue consists of generalized statements, speculative arguments, and bare assertions of error without any analysis and appropriate citations to the record. *See Gray*, 259 S.W.3d at 294. He fails to identify which actions allegedly taken by Lindsey constitute false accusations, fraud, or alienation. We conclude that such inadequate briefing presents nothing for our review. Accordingly, we hold that this issue is waived. *See id.*

We overrule Brian's twelfth issue.

## IV.  CONCLUSION

Having overruled Brian's twelve issues, we affirm the trial court's final decree of divorce.  *See* Tex. R. App. P. 43.2(a).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  February 19, 2026